HALLER, Appellant,

v.

BORROR et al., Appellees.

[Cite as *Haller v. Borror* (1995), 107 Ohio App.3d 432.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE05–530.

Decided Nov. 16, 1995.

*Andrea R. Yagoda,* for appellant.

*Vorys, Sater, Seymour & Pease, James E. Arnold* and *Keith W. Schneider; Earl, Warburton, Adams & Davis* and *Dick E. Warburton, Jr.,* for appellee Donald A. Borror.

*Ronald J. O'Brien,* City Attorney, and *Barbara J. Pfeiffer,* Assistant City Attorney, for appellees Robert Snyder, Dennis Matco, O'Reeta Reed, Michael See, and Michael Miller, Franklin County Prosecuting Attorney.

LAZARUS, Judge.

The issue presented in this appeal is whether court reporter fees for taking depositions and for the resulting transcripts may be taxed as costs under Civ.R. 54(D) when the action is decided on summary judgment. We hold that they may be.

Plaintiff, Jack Russell Haller ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas awarding defendant, Donald A. Borror ("appellee"), $3,190.20 in costs pursuant to Civ.R. 54(D). In his brief, appellee concedes that the judgment amount of $3,190.20 erroneously includes expenses for duplicating, postage, and two volumes of deposition transcripts that were never filed. He also asserts in his brief that the correct amount is $2,808.55. Appellant conceded this point at oral argument and apparently accepts this amount as correct, assuming the trial court did not otherwise err. We affirm the decision of the trial court, as modified to reflect a judgment amount of $2,808.55.

In 1987, appellant was convicted of extortion, a violation of R.C. 2905.11(A)(5), with appellee serving as a key prosecution witness. This court reversed, finding error in the trial court's exclusion of expert testimony. See *State v. Haller* (Jan.

24, 1989), Franklin App. No. 87AP–413, unreported, 1989 WL 8425. Because appellee was unwilling to participate in a second trial, the prosecutor entered a *nolle prosequi* on February 28, 1991. In the interim, appellant filed related but unsuccessful actions against the Borror Corporation (*Haller v. Borror Corp.* [1990], 50 Ohio St.3d 10, 552 N.E.2d 207); appellee, the Columbus Safety Director, the Chief of Police, and five other police officers, two prosecuting attorneys, an FBI agent, a common pleas judge, and the city of Columbus (*Haller v. Borror* [S.D.Ohio], No. C2–89–0538); appellee's attorney (*Haller v. Phillips* [1990], 69 Ohio App.3d 574, 591 N.E.2d 305); and his own criminal defense attorneys (*Haller v. Close* [Feb. 5, 1991], Franklin App. No. 90AP–853, unreported, 1991 WL 16131).

In the complaint in this action, filed October 17, 1991, appellant named as defendants appellee, four Columbus police officers, and Michael Miller, the Franklin County Prosecuting Attorney. The complaint included claims for malicious prosecution, false arrest, false imprisonment, and abuse of process. All of the claims except the claim for malicious prosecution were dismissed by the trial court on April 30, 1992, because they were barred by statutes of limitations. Appellant appealed that decision, and this court affirmed. See *Haller v. Borror* (June 14, 1994), Franklin App. No. 93APE12–1657, unreported, 1994 WL 265660, motion for leave to appeal overruled (1994), 71 Ohio St.3d 1407, 641 N.E.2d 204.

Appellee's motion for summary judgment on the one remaining claim, a claim for malicious prosecution, was initially overruled on August 12, 1994, but was granted upon reconsideration on November 15, 1994, in light of the Supreme Court's decision in *M.J. DiCorpo, Inc. v. Sweeney* (1994), 69 Ohio St.3d 497, 634 N.E.2d 203. Appellant appealed, and this court affirmed. See *Haller v. Borror* (Aug. 8, 1995), Franklin App. No. 95APE01–16, unreported, 1995 WL 479424.

On December 15, 1994, appellee filed a motion for bill of costs pursuant to Civ.R. 54(D), which the trial court granted on April 5, 1995. The expenses were for the court reporter fees and transcripts for five depositions: those of appellant Haller, appellant's expert witness Dr. Hollien, appellant's expert Dr. Wolfrum, Judge Johnson, and Detective Snyder. Appellant appeals the awarding of costs, asserting a single assignment of error:

"The trial court abused its discretion in assessing the costs of transcripts, postage, copying, and other deposition costs of appellee to appellant."

Because appellee has conceded that the expense of postage and copying should not have been included in the costs awarded, the only expense now challenged by appellant is the bill for the services of the court reporter and the production of a single printing of the transcripts.

■ Appellant's first argument is that the trial court lacked jurisdiction to award costs after appellant had filed notice of appeal of the judgment. Although the general rule is that a trial court is divested of jurisdiction once an appeal is taken, the trial court retains jurisdiction "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction." *State ex rel. Special Prosecutors v. Judges* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 90, 378 N.E.2d 162, 165. We include among these collateral issues the assessment of costs pursuant to Civ.R. 54(D). See *Baby Tenda of Greater Cincinnati, Inc. v. Jessup* (Mar. 16, 1988), Hamilton App. No. C–870158, unreported, at 10, fn. 2, 1988 WL 32092.

■ Appellant's second argument is that the assessment of costs is improper because court reporter fees for depositions are not taxable as costs under Civ.R. 54(D) when the action is decided on summary judgment.

Civ.R. 54(D) reads:

"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

■ To be taxable as a cost under Civ.R. 54(D), an expense must be grounded in statute:

"Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors, and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment. Costs did not necessarily cover all of the expenses and they were distinguishable from fees and disbursements. They are allowed only by authority of statute.

" * * * [T]he subject of costs is one entirely of statutory allowance and control." [1] (Citations, asterisked omissions, and internal quotation marks omitted.) *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156.

---

1. In *Vance,* the expenses awarded to the appellee by the trial court were for a physical examination, a deposition, and obtaining a copy of another deposition. *Vance, supra,* at 553, 597 N.E.2d at 155, fn. 3. The court held that former Loc.R. 2.53(Z)(4) of the Montgomery County Court of Common Pleas was invalid to the extent it purported to authorize costs beyond those authorized by Civ.R. 54(D). The court left it to the trial court on remand to determine which of the expenses at issue fell outside the scope of Civ.R. 54(D).

■    This requirement of a statutory basis is also the rule under Rule 54(d) of the Federal Rules of Civil Procedure.  See *Crawford Fitting Co. v. J.T. Gibbons, Inc.* (1987), 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385.

The statutory-basis requirement reiterated in *Vance* is supported by eighty-eight years of Supreme Court precedent: *State ex rel. Franklin Cty. Commrs. v. Guilbert* (1907), 77 Ohio St. 333, 338–339, 83 N.E. 80, 80–81; *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 607, 60 O.O. 531, 535, 138 N.E.2d 660, 666; *Benda v. Fana* (1967), 10 Ohio St.2d 259, 39 O.O.2d 410, 227 N.E.2d 197, paragraph one of the syllabus; *Sorin v. Warrensville Hts. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 179, 75 O.O.2d 224, 225, 347 N.E.2d 527, 528–529; *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 51, 23 O.O.3d 88, 89–90, 430 N.E.2d 925, 926–927.  Despite this clear rule followed by the Supreme Court, however, there is a line of Ohio cases, apparently beginning with *Jones v. Pierson* (1981), 2 Ohio App.3d 447, 2 OBR 542, 442 N.E.2d 791 (Eighth District), holding that a statutory basis is not required for taxing an expense as a cost.  These cases do not acknowledge R.C. 2319.27 but hold that court reporter fees are taxable as Civ.R. 54(D) costs even in the absence of a statutory basis.  See, *e.g., Bookatz v. Kupps* (1987), 39 Ohio App.3d 36, 528 N.E.2d 961 (Eighth District); *Vassil v. Able Fence & Guard Rail, Inc.* (1992), 81 Ohio App.3d 533, 535–536, 539, 611 N.E.2d 919, 919–921, 922–923 (Eighth District); *Gnepper v. Beegle* (1992), 84 Ohio App.3d 259, 263, 616 N.E.2d 960, 962–963 (Third District); *First Natl. Bank of Dillonvale v. Progressive Cas. Ins. Co.* (1993), 94 Ohio App.3d 368, 375–377, 640 N.E.2d 1147, 1151–1153 (Seventh District); *Rice v. Dudick Corrosion–Proof, Inc.* (1989), 57 Ohio App.3d 156, 157, 567 N.E.2d 315, 315–316 (Ninth District); *Horne v. Clemens* (1985), 25 Ohio App.3d 44, 25 OBR 118, 495 N.E.2d 441 (Eleventh District); *Zittkowski v. Zittkowski* (1990), 70 Ohio App.3d 484, 485–486, 591 N.E.2d 396, 396–398 (Eleventh District); *Jones v. Olcese* (1991), 75 Ohio App.3d 34, 41–43, 598 N.E.2d 853, 857–859 (Eleventh District).

*Jones* has been criticized by this and other courts.  See *Maynard v. Owens–Illinois, Inc.* (1993), 63 Ohio Misc.2d 25, 619 N.E.2d 112 (the most detailed critique of *Jones* ); *Miller v. Gustus* (1993), 90 Ohio App.3d 622, 625–626, 630 N.E.2d 68, 70–71 (Tenth District); *Nationwide Mut. Ins. Co. v. Vancom, Inc.* (Dec. 8, 1994), Franklin App. No. 94APE04–512, unreported, 1994 WL 694991; *Gold v. Orr Felt Co.* (1985), 21 Ohio App.3d 214, 215–216, 21 OBR 228, 229–231, 487 N.E.2d 347, 348–349 (Second District); *Howard v. Wills* (1991), 77 Ohio App.3d 133, 138, 601 N.E.2d 515, 518, fn. 2 (Fourth District).  Recent cases from the Eighth District have acknowledged the requirement of a statutory basis.  See *Wiltsie v. Teamor* (1993), 89 Ohio App.3d 380, 387–388, 624 N.E.2d 772, 776–777 (Eighth District holding that deposition expense is not taxable as cost absent statutory authorization); *Sanders v. Motorists Mut. Ins. Co.* (Oct. 19, 1995),

Cuyahoga App. No. 68324, unreported, at 15–17, 1995 WL 614504; *Martin v. Silverman* (July 13, 1995), Cuyahoga App. No. 67989, unreported, at 14–15, 1995 WL 415188.

The statutory basis for taxing the expense of the services of a court reporter at a deposition and the production of a transcript as a cost under Civ.R. 54(D) is R.C. 2319.27. *In re Election of November 6, 1990 for the Office of Attorney General of Ohio* (1991), 62 Ohio St.3d 1, 4, 577 N.E.2d 343, 345–346; *Miller, supra,* 90 Ohio App.3d at 625, 630 N.E.2d at 70; see, also, *Cincinnati ex rel. Simons v. Cincinnati* (1993), 86 Ohio App.3d 258, 267, 620 N.E.2d 940, 946–947. R.C. 2319.27 provides:

"Except as section 147.08 of the Revised Code governs the fees chargeable by a notary public for services rendered in connection with depositions, the fees and expenses chargeable for the taking and certifying of a deposition by a person who is authorized to do so in this state, including, but not limited to, a shorthand reporter, stenographer, or person described in Civil Rule 28, may be established by that person subject to the qualification specified in this section, and may be different than the fees and expenses charged for the taking and certifying of depositions by similar persons in other areas of this state. Unless, prior to the taking and certifying of a deposition, the parties who request it agree that the fees or expenses to be charged may exceed the usual and customary fees or expenses charged in the particular community for similar services, such a person shall not charge fees or expenses in connection with the taking and certifying of the deposition that exceed those usual and customary fees and expenses.

"The person taking and certifying a deposition may retain the deposition until the fees and expenses that he charged are paid. He also shall tax the costs, if any, of a sheriff or other officer who serves any process in connection with the taking of a deposition and the fees of the witnesses, and, if directed by a person entitled to those costs or fees, may retain the deposition until those costs or fees are paid."

In *In re Election of November 6, 1990, supra,* the Supreme Court ruled on the allowance of costs incurred in an election contest pursuant to R.C. 3515.09. The court expressly held that Civ.R. 54(D) does not apply to election contests, either directly or by incorporation in R.C. 3515.09. *Id.,* 62 Ohio St.3d at 1–2, 577 N.E.2d at 343–344. The court relied on the principle that deposition expense is taxable as a cost in nonelection contest cases. The court said that, because R.C. 3515.12 allows the awarding of costs to the same extent as in nonelection contest cases—"the fees of officers and witnesses shall be the same as are provided in other cases, in so far as the nature of the proceedings admits"—deposition expense is taxable as a cost in election contest cases as well.

" * * * The court reporter and videotape technician charges are allowable because those persons were 'officers' for purposes of the deposition testimony submitted to this court for resolution of the contest. Since these officers' fees shall be the same as in other cases, we look to the statute governing deposition fees generally for guidance. R.C. 2319.27." *Id.,* 62 Ohio St.3d at 4, 577 N.E.2d at 345.

██ Although R.C. 2319.27 provides the statutory basis for taxing the expense for the services of the court reporter and the printing of the transcript, such expenses are not taxable as Civ.R. 54(D) costs in all instances. Some courts hold that, in cases in which a trial was conducted, the deposition transcript generally must have been admitted into evidence. The mere taking of the deposition, filing of the transcript with the court, or using the transcript for purposes of impeachment is insufficient absent special circumstances. "[T]he expense of depositions taken *de bene esse* is to be taxed as costs only if the depositions were used at trial, *unless* there are overriding considerations." (Emphasis *sic*; footnote omitted.) *Barrett v. Singer Co.* (1979), 60 Ohio St.2d 7, 9, 14 O.O.3d 122, 123, 396 N.E.2d 218, 219–220; *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 261, 18 OBR 314, 316, 480 N.E.2d 1101, 1102 ("It has further been held that the transcribing and reporting costs for a deposition of an expert may not be recoverable as costs if the deposition is not introduced as evidence."); *Nationwide Mut. Ins. Co. v. Vancom, Inc., supra,* at 7–8, 1994 WL 694991; *Hagemeyer v. Sadowski* (1993), 86 Ohio App.3d 563, 567, 621 N.E.2d 707, 709–710; *Shipman v. Alamo Rent–A–Car, Inc.* (1990), 70 Ohio App.3d 333, 335, 590 N.E.2d 1385, 1386–1387; *Rice, supra,* 57 Ohio App.3d at 157, 567 N.E.2d at 315–316.

The issue presented in this appeal is whether the court reporter fee for transcribing the deposition and printing a transcript may be taxed as costs under Civ.R. 54(D) when the action is decided on summary judgment. Appellant argues that, because the rule in Ohio is that a court reporter fee for a deposition generally should be taxed as a Civ.R. 54(D) cost only if the transcript is read or admitted into evidence, under no circumstance may such expense be taxed as a cost when an action is decided on summary judgment. We disagree.

██ First, evidence for the purposes of summary judgment includes all those items properly submitted to the court. Civ.R. 56(C) uses the word "evidence," and it is the nature of summary judgment that the items listed in Civ.R. 56(C)—which include "depositions" and "transcripts of evidence"—are analogous to evidence admitted at a trial. Second, there is no reason that the expense of the same deposition should be a taxable cost if the case goes to trial and is admitted into evidence and not taxable as a cost if the case is decided on summary judgment. Because summary judgment is preferred as an efficient

method of adjudication, the rules for awarding costs upon summary judgment should be at least as generous as those for awarding costs upon trial.

In *First Natl. Bank of Dillonvale, supra,* 94 Ohio App.3d at 375–377, 640 N.E.2d at 1151–1153, the court held that the trial court did not abuse its discretion in assessing as costs the plaintiff's expense of taking depositions that were used to defend a motion for summary judgment. The plaintiff went on to win at trial, and on appeal the defendant challenged the awarding of deposition expenses as costs on the ground that the depositions were not admitted into evidence. Although we disagree with *First Natl. Bank of Dillonvale* in that it follows *Jones, supra,* we agree with its conclusion that a trial court may tax court reporter deposition fees as Civ.R. 54(D) costs when the action is decided on summary judgment. See, also, *Glavan v. Lincoln Elec. Co.* (1992), 78 Ohio App.3d 227, 604 N.E.2d 233 (affirming award of costs for depositions); *French v. Pappalardo* (June 21, 1990), Cuyahoga App. No. 57152, unreported, at 15–17, 1990 WL 84278 (holding that the trial court abused its discretion by denying motion for cost of deposition of party prevailing on summary judgment); *Cooper v. Foster* (Feb. 14, 1989), Franklin App. No. 88AP–326, unreported, 1989 WL 11941 (finding no abuse of discretion in the trial court's refusing to award costs of depositions submitted in support of motion for summary judgment).

We conclude that a court reporter fee for taking a deposition and for the resulting transcript may be taxed as costs under Civ.R. 54(D) when the action is decided on summary judgment.

■ Appellant's final argument is that, even if such deposition expenses may be taxed as costs in an action decided on summary judgment, the assessment of costs in this particular case was an abuse of discretion. We disagree.

In its written decision of April 5, 1995, the trial court stated:

" * * * In his motion defendant relied upon the depositions of Dr. Hollien, Dr. Wolfrum, Judge Johnson and Detective Snyder as direct evidence in support of his case. * * *

"In the instant case, the depositions were necessary in order to adequately defend himself against the allegations against him. The written reports of plaintiff's experts or other documents contained within the criminal trial were not sufficient to contest Haller's charges. The court finds that the depositions were used as evidence in the motion for summary judgment in that Borror filed and/or attached as evidence the depositions of Haller, Dr. Hollien, Dr. Wolfrum, Judge Johnson and Detective Snyder. * * * "

Appellant first claims that appellee refused his suggestion that they share the expense of transcripts and reproduction. Regardless of whether one party put

up all of the money or half of the money, the trial court could have awarded the prevailing party the amount expended.

Second, appellant complains that the June 14, 1993 invoice from Coffee and Vincent for the deposition of Dr. Hollien does not indicate the number of copies included in the $413 cost. Because the transcript of Dr. Hollien's deposition is not part of the record on appeal, and because the trial court made use of the transcript in granting summary judgment, we must presume that the trial court did not abuse its discretion in assessing the full invoice price for the deposition as costs.

Third, appellant complains that the depositions of Judge Johnson and Detective Snyder were taken by appellant and not by appellee. Appellant fails to explain how this fact supports his argument. If appellant believed that the deponents' testimony was relevant to winning his case, it is reasonable to assume that appellee needed a transcript of that testimony to defend the case.

Fourth, appellant complains that the testimony of Dr. Hollien, Judge Johnson, and Detective Snyder was available from appellant's criminal case. Because the context of particular litigation affects the content of a deposition, it was not an abuse of discretion for the trial court to allow appellee to conduct his own deposition and tax the expense as a cost.

Fifth, appellant argues that, because the trial court initially ruled in favor of appellant and reversed on reconsideration in light of a recent Supreme Court case, none of the depositions was necessary for purposes of the reconsideration. Appellee was the prevailing party, albeit on reconsideration, and the trial court relied on the depositions for the facts of the case. That the law applied to those facts changed upon reconsideration does not mean that the trial court relied any less on the depositions.

We conclude that, subject to the concessions made by appellee, the trial court did not abuse its discretion in awarding costs to appellee pursuant to Civ.R. 54(D). The trial court awarded costs in the amount of $3,190.20. For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed as modified to reflect appellee's concession that the correct amount of taxable costs is $2,808.55.

*Judgment affirmed*
*as modified.*

PETREE and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.