Defendant-appellant, James R. Mason, appeals from the contempt order issued by the Union County Court of Common Pleas.
James and Kristine K. Mason, appellee, were granted a divorce on April 11, 1998. Both parties appealed from the divorce decree. On April 21, 1998, James filed a motion to stay the enforcement of the divorce decree. The trial court overruled his motion.
On June 5, 1998, Kristine filed a contempt motion against James for his failure to pay those sums ordered in the divorce decree and to transfer property. James then moved this court for a stay pending appeal. At the hearing on contempt, the trial court determined that it had jurisdiction over the contempt motion. On July 16, 1998, the court entered its judgment finding James in contempt. James was sentenced to thirty days incarceration, which the court ruled he could purge by paying spousal support owed, delivering to Kristine the items set forth on Exhibit A (hearing Exhibit C), delivering the 1987 BMW to her, and posting a supersedeas bond in the amount of $62,500. This court subsequently denied James' motion for a stay.
James appeals from the contempt judgment and asserts two assignments of error. His appeal was consolidated with the parties' two appeals from the divorce decree. We have reversed and remanded the trial court's judgment decree in the case ofMason v. Mason (Mar. 31, 1999), Union App. No. 14-98-23, unreported; however, that case has no bearing on this appeal.
James' two assignments of error provide as follows:
 It was legal error and an abuse of discretion for the trial court to order immediate commencement of imprisonment after a finding of contempt without allowing the contemnor an opportunity to purge.
 It was error and an abuse of discretion for the trial court to order appellant to deliver certain items of personal property to appellee as a substantial portion of same was already in appellee's possession and as some items were not awarded to appellee.
At the outset, we note that R.C. 2505.09 states in part:
 [A]n appeal does not operate as a stay of execution until a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee * * *.
Unless a stay of execution has been obtained upon posting of a supersedeas bond, "the trial court retains jurisdiction over its judgments as well as proceedings in aid of the same."State ex rel. Klein v. Chorpening (1983), 6 Ohio St.3d 3, 4. "[T]he trial court retains jurisdiction 'over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction.' " Haller v. Borror (1995), 107 Ohio App.3d 432,436, quoting State ex rel. Special Prosecutors v. Judges
(1978), 55 Ohio St.2d 94, 97.
In the present case, James motion for a stay of the enforcement of the divorce decree was denied by the trial court. The stay applied for in this court was also denied. In the absence of a stay of execution or the execution of a supersedeas bond, the trial court retained the jurisdiction to enforce its orders and to find a party to be in contempt. SeeCardone v. Cardone (May 6, 1998), Summit App. No. 18349, unreported. Because the trial court had jurisdiction over the issue of contempt and our resolution of the parties' appeals from the divorce decree does not deprive the trial court of jurisdiction, we proceed to consider the merits of James' assignments of error.
In his first assignment of error, James claims that he was not given an opportunity to purge himself of the contempt in that the trial court immediately imposed the jail sentence. A sanction for civil contempt must allow the contemnor the opportunity to purge himself of the contempt. In re Purola
(1991), 73 Ohio App.3d 306, 312, citing Tucker v. Tucker
(1983), 10 Ohio App.3d 251. The primary purpose of the contempt sanction is remedial or coercive and for the benefit of the complainant. Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 16, citing Brown v. Executive 200 (1980),64 Ohio St.2d 250, 253.
In the case sub judice, James was provided with notice that if he was found guilty of contempt the trial court could sentence him to a definite term of imprisonment. James does not dispute the trial court's finding of contempt. In its judgment entry, the court noted that James' conduct was willful. The trial court's objective in imposing the immediate confinement in jail is consistent with the primary purpose of a civil contempt order in that it provides punishment which is remedial or coercive in nature for the benefit of Kristine. The court offered James an opportunity to purge upon compliance with the purge conditions. Accordingly, James' argument is without merit and his first assignment of error is therefore overruled.
In his second assignment of error, James claims that it was impossible for him to comply with the trial court's purge condition which required him to deliver certain items to Kristine that were already in her possession. Further, James objects to two specific items of personal property that were not part of the personal property award to Kristine in the divorce action.
We have previously recognized that a person charged with contempt for a violation of a court order may defend by proving that it was not within his power to obey the order. See In rePurola, supra, at 313; Courtney v. Courtney (1984), 16 Ohio App.3d 329,334. This logic has been extended to purge conditions placed upon the contemnor which are unreasonable or where compliance is impossible. See Burchett v. Miller (Nov. 21, 1997), Erie App. No. E-97-048, unreported.
As to the referenced Exhibit A which constituted Kristine's non-marital property, the trial court was well aware that it had not been attached to the final divorce decree. In this regard, the court in its bench ruling stated that James make available to Kristine the "items of personal property which were listed on the document which is now labeled in this hearing Exhibit C, which was Exhibit A supposedly under the decree of divorce." Because of the confusion in the record as to the exhibits, the matter of the exhibits has been remanded to the trial court in the case of Mason v. Mason, supra. For the same reasons, we conclude that the condition at issue was either void or unreasonable for purposes of purging contempt in this case. James' second assignment of error is sustained.
Accordingly, we affirm the judgment of the trial court except for the court's purge condition which required James to deliver the items set forth on Exhibit A.
Judgment affirmed in part and Reversed in part.
BRYANT, P.J., and HADLEY, J., concur.