JOURNAL ENTRY AND OPINION
In these consolidated accelerated appeals, defendant-appellant, Donald Richard, appeals, pro se, the decision of the trial court denying his motion for leave to withdraw his guilty plea after sentencing. For the reasons set forth below, we affirm.
Between September 1997 and January 1998, appellant was indicted on three separate cases. On September 11, 1997, the Cuyahoga County Grand Jury indicted appellant on two counts of felonious assault, in violation of R.C. 2903.11, each with a peace officer specification. The case was assigned Case No. CR 354572.
Appellant was subsequently indicted in Case No. CR 354203 for receiving stolen property, in violation of R.C. 2913.51.
On January 29, 1998, appellant was indicted for attempted murder, in violation of R.C. 2903.02 and R.C. 2923.02, with firearm and repeat violent offender specifications. The case was assigned Case No. CR 358885.
On May 28, 1998, appellant's attempted murder case proceeded to trial. Partway through the trial, appellant entered into plea negotiations with plaintiff-appellee, the State of Ohio. On June 3, 1998, appellant withdrew his not guilty plea and entered a plea of guilty to attempted murder, with firearm and repeat violent offender specifications. As part of the plea negotiations, the state modified the felonious assault charges in Case No. CR 354572 to attempted felonious assault and deleted the peace officer specifications. In addition, the state amended the receiving stolen property charge in Case No. CR 354203 to attempted receiving stolen property. Appellant then pled guilty to the amended charges.
Pursuant to the plea agreement, the trial court sentenced appellant to seven years incarceration on the attempted murder charge, with an additional three years incarceration on the firearm specification. The trial court also sentenced appellant to four years incarceration on each charge of felonious assault and eleven months incarceration on the attempted receiving stolen property charge. These sentences were ordered to be served concurrently with the ten-year prison term imposed in appellant's attempted murder case.
On July 2, 1998, appellant filed notices of appeal in Case Nos. 358885 and 354572. Among other alleged errors, appellant challenged the validity of his guilty plea in each appeal.
While the appeals were pending, on August 12, 1999, appellant filed a motion with the trial court to withdraw his guilty plea in all three cases. On August 23, 1999, the trial court denied appellant's motion.
On September 22, 1999, appellant appealed the trial court's denial of his motion to withdraw his guilty plea in Case Nos. CR 358885 and CR 354572. The cases were subsequently consolidated for briefing, hearing and disposition.
On October 28, 1999, this court affirmed appellant's conviction in Case No. CR 3588885. See State v. Richard (Oct. 28, 1999), Cuyahoga App. No. 74815, unreported. With respect to appellant's guilty plea, this court stated, "The transcript of the plea proceedings in the instant case is replete with evidence that the appellant understood all of the consequences of his plea * * *. * * * [T]here simply is no doubt that the appellant understood the implications of his plea as well as the rights that he was waiving." Id.
On November 10, 1999, this court affirmed appellant's conviction in Case No. 354572. See State v. Richard (Nov. 10, 1999), Cuyahoga App. No. 74814, unreported. This court stated, "we find defendant understood the nature of the crimes he faced and entered his plea knowingly, willingly, and voluntarily." Id.
Appellant assigns two assignments of error for our review on this appeal:
 I. WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN, DENYING APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA [AFTER-SENTENCING] TO CORRECT A MANIFEST [MISCARRIAGE] INJUSTICE PURSUANT TO CRIM.R. 32.1 WHERE, APPELLANT'S MOTION IS UNOPPOSED BY THE PROSECUTION IN VIOLATION OF ARTICLE IV. § 5 OF THE OHIO CONSTITUTION; CUYAHOGA COUNTY COURT OF COMMON PLEAS LOCAL RULE 11(c) OF THE GENERAL DIVISION, PREJUDICIAL TO APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF LAW VIOLATIVE OF ARTICLE I, § 10 OF THE OHIO CONSTITUTION AND THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 II. WHETHER THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN, IT DENIED APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA [AFTER-SENTENCING] TO CORRECT A MANIFEST [MISCARRIAGE] INJUSTICE PURSUANT TO CRIM.R. 32.1 WHERE, IT FAILED TO CONDUCT AN EVIDENTIARY HEARING PREJUDICIAL TO APPELLANT'S CONSTITUTIONAL RIGHTS GUARANTEED HIM BY ARTICLE I, § 10
OF THE OHIO CONSTITUTION; AND THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION DUE PROCESS AND EQUAL PROTECTION RIGHTS.
In his first assignment of error, appellant contends, for various reasons, that the trial court erred in denying his motion to withdraw his guilty pleas. In his second assignment of error, appellant contends that the trial court abused its discretion by denying his motion to withdraw his pleas without conducting an evidentiary hearing. We disagree.
"Once an appeal is taken, the trial court is divested of jurisdiction except `over issues not inconsistent with that of the appellate court to review, affirm, * * * modify or reverse the appealed judgment, such as the collateral issues like contempt * * *.'" State ex rel. State Fire Marshal v. Curl
(2000), 87 Ohio St.3d 568, 569, citing State ex rel. SpecialProsecutors v. Judges, Court off Common Pleas (1978), 55 Ohio St.2d 94,97; Haller v. Borror (1995), 107 Ohio App.3d 432, 436.
Here, appellant filed notices of appeal in Case Nos. 358885 and 354572 on July 2, 1998. Therefore, at that time, the trial court was divested of jurisdiction regarding all but collateral issues in the cases. Thus, the trial court had no jurisdiction to rule on appellant's motion to withdraw his guilty plea filed on August 12, 1999, while his appeals were pending. Accordingly, the trial court properly denied appellant's motion.
Appellant's first and second assignments of error are overruled.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appelate Procedure.
 _______________________________ TIMOTHY E. McMONAGLE JUDGE
DYKE, A.J. and PORTER, J., CONCUR.