OPINION
Defendant-appellant Rubin Szerlip appeals from the April 9, 2001, Entry of the Knox County Court of Common Pleas, Domestic Relations Division, ordering the special Master Commissioner herein to release specified funds on deposit to plaintiff-appellee B. Carol Szerlip.
 STATEMENT OF THE FACTS AND CASE
On June 8, 1995, appellee filed a Complaint for divorce against appellant in the Knox County Court of Common Pleas. At the time the complaint was filed, the parties had four minor children.
Pursuant to a Journal Entry-Decree of Divorce filed on October 10, 1997, the trial court designated appellee the residential parent and legal custodian of the parties' four minor children and granted appellant companionship in accordance with the Local Rule. In addition, the trial court, on page 24 of the decree, ordered appellant to pay appellee "the sum of $1,604.38, which represents ½ the uninsured medical expenses paid by the Wife for the minor children during the pendency of this matter within 30 days of the date this Entry is journalized".
As part of the property settlement, the trial court, in the decree, ordered a 200 acre farm in Harrison Township, Ohio, owned by the parties, be sold at public auction. The trial court ordered the proceeds from the sale — less expenses and commissions; payoff of the mortgage; payment to the parties of amounts equivalent to their separate interest in the property; and payment of certain marital debts — be divided equally between appellant and appellee. Via Journal Entry filed December 8, 1997, the trial court appointed Attorney Kenneth E. Lane as the Special Master Commissioner for purposes of collecting the net proceeds of the sale of the farm, and for making the appropriate disbursements ordered by the trial court. The trial court ordered the Special Master Commissioner to make all the disbursements previously ordered "with the exception of disbursements to either of the parties." December 8, 1997, Journal Entry at 2. The trial court further instructed the Special Master Commissioner to place the remaining funds in an interest bearing bank account and hold the same subject to further order of the court. Neither party appealed from the December 8, 1997 entry.
At the direction of the trial court, the Special Master Commissioner, on April 4, 2001, filed an accounting. Thereafter, as memorialized in an Entry and Order filed on April 9, 2001, the trial court stated as follows:
 This matter came on without the necessity for hearing, wherein the Court took Judicial Notice of the file. The Court, being advised that certain funds are being held on deposit for the benefit of the parties, ordered that the previous orders of the Court be paid from the funds on deposit.
 IT IS THEREFORE ORDERED that Kenneth Lane, custodian of the funds held in trust for the benefit of the parties, shall forthwith release the following sums to Plaintiff from Defendant's share of the funds on deposit.
 $1,604.38 pursuant to the first paragraph of page 24 of the Divorce Decree.
 $679.02 representing unpaid child support for February and March 2001.
It is from the trial court's April 9, 2001, Entry and Order that appellant now prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED, ACTED CONTRARY TO LAW, AND ABUSED ITS DISCRETION WHEN IT ORDERED THAT $1,604.38 BE GIVEN TO APPELLEE FROM APPELLANT'S SHARE OF FUNDS HELD BY THE COURT. RULE 60(B)(4) APPLIES, AS PRIOR JUDGMENTS HAD ALREADY BEEN ENTERED IN REGARDS TO THIS MATTER.
 I
Appellant, in his sole assignment of error, argues that the trial court erred in ordering the Special Master Commissioner to release the sum of $1,604.38 to appellee "pursuant to the first paragraph of page 24 of the Divorce Decree". As is stated above, the trial court, in the divorce decree, ordered appellant to pay appellee "the sum of $1,604.38, which represents ½ the uninsured medical expenses paid by the Wife for the minor children during the pendency of this matter within 30 days of the date this Entry is journalized". Appellant now contends that such order was invalid since the amount at issue was already paid by appellant.
However, we find it unnecessary to address the merits of appellant's appeal since the trial court lacked jurisdiction to order the Special Master Commissioner to release the parties' funds. Once an appeal is taken, the trial court is divested of jurisdiction except "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt * * *." State ex rel. Special Prosecutors v. Judges, Courtof Common Pleas (1978), 55 Ohio St.2d 94, Haller v. Borror (1995),107 Ohio App.3d 432, 436.
Appellant, on December 19, 2000, filed a Notice of Appeal in Case No. 00CA000023, captioned Szerlip v. Szerlip. In such case, appellant assigned as error both the trial court's appointment of the Special Master Commissioner and the trial court's "exercise of jurisdiction over funds owned by the parties". While such appeal was pending, the trial court issued the April 9, 2001, Entry and Order directing the Special Master Commissioner to pay $1,604.38 to appellee from appellant's funds on deposit. Since appellant's appeal in Case No. 00CA000023 was pending at the time that the trial court issued the April 9, 2001, Entry and Order directing the Special Master Commissioner to pay $1,604.38, we find that the trial court lacked jurisdiction to issue the same. Once appellant's appeal was filed in Case No. 00CA000023, the trial court was divested of jurisdiction to order the Special Master Commissioner to release the funds that he held in trust.[1]
For the foregoing reasons, the April 9, 2001, Entry and Order of the Knox County Court of Common Pleas, Domestic Relations Division is vacated.
By EDWARDS, J. FARMER, P.J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is vacated. Costs waived.
[1] We note that a decision was issued by this Court in Case No. 00CA000023 on June 18, 2001. See Szerlip v. Szerlip (June 18, 2001), Knox Case No. 00CA000023, unreported.