OPINION
Defendant-appellant Rubin Szerlip appeals from the March 16, 2001, Entry of the Knox County Court of Common Pleas, Domestic Relations Division ordering the payment of Guardian Ad Litem fees.
 STATEMENT OF THE FACTS AND CASE
On June 8, 1995, appellee B. Carol Szerlip filed a Complaint for Divorce against appellant in the Knox County Court of Common Pleas. At the time the complaint was filed, the parties had four minor children. As memorialized in a Judgment Entry filed on January 29, 1997, the trial court appointed Patrick Hamilton as the Guardian Ad Litem.
Pursuant to a Journal Entry-Decree of Divorce filed on October 10, 1997, the trial court designated appellee the residential parent and legal custodian of the parties' four minor children and granted appellant companionship in accordance with the Local Rules. In addition, the trial court, in the decree, ordered appellant to pay appellee "the sum of $1,604.38, which represents ½ the uninsured medical expenses paid by the Wife for the minor children during the pendency of this matter within 30 days of the date this Entry is journalized".
As part of the property settlement, the trial court, in the divorce decree, ordered a 200 acre farm in Harrison Township, Ohio, owned by the parties, to be sold at public auction. The trial court ordered the proceeds from the sale — less expenses and commissions, pay off of the mortgage, payment to the parties of amounts equivalent to their separate interest in the property, and payment of certain marital debts-to be divided equally between appellant and appellee.[1] Via Journal Entry filed December 8, 1997, the trial court appointed Attorney Kenneth E. Lane as the Special Master Commissioner for purposes of collecting the net proceeds of the sale of the farm, and for making the appropriate disbursements ordered by the trial court. The trial court ordered the Special Master Commissioner to make all the disbursements previously ordered "with the exception of disbursements to either of the parties." December 8, 1997, Journal Entry at 2. The trial court instructed the Special Master Commissioner to make specified disbursements, and to place the remaining funds in an interest bearing bank account and hold the same subject to further order of the court. Neither party appealed that order from the December 8, 1997, entry.
Subsequently, while post decree motions concerning the parties' minor children remained pending, the trial court, as memorialized in an order filed on March 16, 2001, ordered as follows:
 The guardian's fees currently due are $3,395.00. The court orders an additional deposit of $1,000.00. Said fees and deposit shall be paid from the funds held in trust by Ken Lane. Ken Lane is directed to pay this sum to A. Patrick Hamilton, whose address is 400 S. Fifth Street, Suite 103, Columbus, Ohio 43215.
 At the close of this case the Guardian Ad Litem's fees will be apportioned by the court.
It is from the trial court's March 16, 2001, order that appellant now prosecutes his appeal, raising the following assignments of error:
 THE TRIAL COURT ERRED IN EXERCISING JURISDICTION OVER FUNDS OWNED BY PARTIES HEREIN (ENTRIES OF DECEMBER 8, 1997 AND MARCH 16, 2001)
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT RULED CONTRARY TO SECTION 2317.39 OF THE OHIO REVISED CODE.
 COURT ABUSED ITS DISCRETION BY NOT HOLDING A HEARING OR PROVIDE THE PARTIES WITH THE EVIDENCE OF THE NATURE AND VALUE OF THE SERVICES RENDERED, WHICH WOULD ALLOW PARTIES TO INPUT WHEN IT GRANTED GUARDIAN AD LITEM'S REQUEST FOR PAYMENT.
 COURT ERRED IN ITS JURISDICTION AS THE MATTER OF FIRST ASSIGNMENT OF ERROR IS CURRENTLY UNDER APPEAL IN THIS COURT, CASE NO. 00CA000023.
 MISCONDUCT OF ATTORNEY, GUARDIAN AD LITEM, FOR FAILING TO PROTECT THE BEST INTERESTS OF THE MINOR CHILD, BRADLEY SZERLIP, AN ALLEGED ABUSED CHILD, AND ACTING CONTRARY TO SECTION 2151.281 OF THE OHIO REVISED CODE.
 MISCONDUCT OF ATTORNEY, GUARDIAN AD LITEM, IN THAT HE IS BIASED AGAINST APPELLANT BY VIRTUE OF THE FACT THAT GUARDIAN AD LITEM HAS NOT SOUGHT NOR INCLUDED CRUCIAL INFORMATION FROM THE APPELLANT REGARDING THE MINOR CHILDREN'S WELFARE AND BEST INTEREST; AND CONVERSELY, ONLY INCLUDE INFORMATION PROVIDED BY APPELLEE.
 I, IV
As is set forth above, the trial court, in its March 16, 2001, order, ordered the Special Master Commissioner to pay a total of $4,395.00 ($3,395.00 in fees plus a $1,000.00 deposit) to the Guardian Ad Litem. Appellant, in his first and fourth assignments of error, now argues that the trial court lacked authority to appoint Ken Lane, the Special Master Commissioner, and to "exercise jurisdiction over funds owned by parties" by ordering the Special Master Commissioner to pay the Guardian Ad Litem fees.
Once an appeal is taken, the trial court is divested of jurisdiction except "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt * * *." State ex rel. Special Prosecutorsv. Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94, 97, Haller v.Borror (1995), 107 Ohio App.3d 432, 436.
Appellant, on December 19, 2000, filed a Notice of Appeal in Case No. 00CA000023, captioned Szerlip v. Szerlip[2]. In such case, appellant assigned as error both the trial court's appointment of the Special Master Commissioner and, as in the case sub judice, the trial court's "exercise of jurisdiction over funds owned by the parties".[3] While such appeal was pending, the trial court issued the March 16, 2001, order directing the Special Master Commissioner to pay a total of $4,935.00 to the Guardian Ad Litem.
Since appellant's appeal in Case No. 00CA000023 was pending at the time that the March 16, 2001, order was issued by the trial court, we concur with appellant that the trial court lacked jurisdiction to issue the same. Once appellant's appeal was filed in Case No. 00CA00023, the trial court was divested of jurisdiction to order the Special Master Commissioner to release any of the parties' funds. In short, we concur with appellant that the trial court lacked jurisdiction to release any funds "while the fundamental issue of it holding these funds is currently under appeal."
Appellant's first and fourth assignments of error are, therefore, sustained.
 II, III
Appellant, in his second assignment of error, argues that the trial court erred in approving the Guardian Ad Litem's request for payment of fees since the same was not provided to appellant at least five days in advance as required by R.C. 2317.39. In his third assignment of error, appellant contends that the trial court erred in not holding a hearing or providing appellant with an opportunity to challenge the fees requested by the Guardian Ad Litem prior to entering its March 16, 2001, order.
Based on our disposition of appellant's first and fourth assignments of error, appellant's second and third assignments of error are moot. However, with respect to appellant's third assignment of error, this Court notes that while the Guardian Ad Litem, in his brief, indicates that detailed statements regarding the requested Guardian Ad Litem fees were submitted to counsel on February 13, 2001, and March 8, 2001, and that a proposed entry was also submitted to counsel regarding interim fees, there is no evidence in the record that appellant or his then counsel was ever provided with the same
 V, VI
Appellant, in his fifth and sixth assignments of error, argues that the Guardian Ad Litem engaged in misconduct by failing to protect the best interests of Bradley Szerlip, a minor child, and acted in a biased manner by failing to obtain crucial information from appellant regarding the minor children's best interest and welfare.
We concur with the Guardian Ad Litem that the above allegations of misconduct are not properly before this Court. Appellant, in the case subjudice, should have filed a motion with the trial court asking that the Guardian Ad Litem be removed due to misconduct and /or bias against appellant. Appellant, however, failed to do so. While appellant argues that, on October 30, 2000, he filed a motion seeking the appointment of a different Guardian Ad Litem, appellant, in such motion, merely requested that the trial court appoint a local Guardian Ad Litem[4] to save money. Since, therefore, the trial court did not have the opportunity to address the issue of the Guardian Ad Litem's alleged misconduct and/or bias, we will not address it for the first time on appeal. See Statev. Peagler (1996), 76 Ohio St.3d 496, 499, ("Generally, an appellate court will not consider any error that counsel could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.")[5]
Appellant's fifth and sixth assignments of error are, therefore, overruled.
Accordingly, the March 16, 2001, judgment of Knox County Court of Common Pleas, Domestic Relations Division is vacated.
By EDWARDS, J. FARMER, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is vacated. Costs waived.
[1] The trial court, in the decree, noted that neither party had the financial ability to pay off the marital debts.
[2] Appellant, in Case Number 00CA000023, appealed the December 8, 1997, Journal Entry appointing the Special Master Commissioner and the trial court's November 20, 2000, Judgment Entry ordering that the Special Master Commissioner be compensated.
[3] In both the appeal currently before this court and the appeal in Case No. 00CA000023, appellant, in his assignments of error, referred to the trial court's December 8, 1997, entry in his assignment alleging that "the trial court erred in exercising jurisdiction" over the parties' funds."
[4] Patrick Hamilton, the Guardian Ad Litem, is located in Columbus, Ohio.
[5] We note that appellant argues in support of his fifth and sixth assignments of error, that he filed additional motions requesting that the Guardian Ad Litem be removed. However, such motions either were not filed with the trial court and, therefore, are not part of the record in this case and/or were filed after the March 16, 2001, order from which appellant appealed.