The STATE of Ohio, Appellee,

v.

VINTSON, Appellant.

[Cite as *State v. Vintson* (2001), 144 Ohio App.3d 339.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78382.

Decided June 18, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Renee L. Snow,* Assistant Prosecuting Attorney, for appellee.

*Michael J. Goldberg & Assoc.* and *Daniel M. Margolis,* for appellant.

JAMES D. SWEENEY, Presiding Judge.

Defendant-appellant Claude Vintson ("Vintson," d.o.b. September 13, 1947) appeals from the trial court's determination that he be classified a sexual predator.[1] For the reasons adduced below, we affirm.

1. The correct spelling for appellant's surname is in some dispute in the record. The indictments spell his name as "Vintson." Appellant, in a *pro se* petition for post-conviction

A review of the record on appeal indicates that Vintson pled guilty on June 19, 1986, to one count each of rape (R.C. 2907.02) and gross sexual imposition (R.C. 2907.05) involving an eight-year-old female victim. These two offenses were separate in time, having been committed approximately eleven months apart in January and December 1985. The trial court sentenced him on June 19, 1986, to a term of five to twenty-five years on the charge of rape, and eighteen months on the charge of gross sexual imposition, concurrent.

On January 28, 1999, the state filed its motion to return Vintson from prison to the trial court for the purpose of a sexual predator determination pursuant to R.C. 2950.09. The trial court granted this motion and scheduled a sexual predator hearing for 10:00 a.m., February 12, 1999.

On February 11, 1999, at approximately 2:22 p.m., assigned counsel for Vintson filed the following: (1) a motion for discovery and inspection of all records relevant to the trial court's determination and (2) a motion for a current psychological evaluation, at state expense, for the purpose of determining Vintson's likelihood of reoffending with regard to the commission of sexually oriented offenses.

On February 12, 1999, the trial court ordered that Vintson be returned to prison and also ordered that he be returned to the trial court for a sexual predator determination hearing within one hundred twenty days of Vintson's actual release from incarceration.

On March 22, 2000, the trial court ordered Vintson returned from prison, with a "H.B. 180 packet," which includes Vintson's prison records and reports, for a sexual predator determination hearing to be conducted on April 27, 2000. This hearing date was later rescheduled to commence on June 15, 2000, and then June 22, 2000, and Vintson was referred in the interim to the court's psychiatric clinic for the preparation of a current psychological report.

At the hearing conducted on June 22, 2000, and with the benefit of having received Vintson's current psychological report (see court's exhibit A) and Vintson's institutional records and reports (see court's exhibit B),[2] the trial court heard oral argument from counsel for the parties and then took the matter under advisement. On June 30, 2000, the trial court announced in open court its decision finding Vintson to be a sexual predator. In particular, the trial court

relief, spells his name as "Vintson." The sentencing order and the notice of appeal spell the defendant's name as "Vintson." However, the appellant's and appellee's briefs, and the sexual predator hearing transcript, in their captions, spell appellant's name as "Vinston." We will use the *pro se's* acknowledged version, "Vintson," as the correct spelling.

2. Appellant also concedes that the trial court had the use of a presentence investigation report. See appellant's brief at 5.

stated that the following factors were controlling: (1) the age of the offender was thirty-eight at the time of the offenses herein; (2) the offender has no prior criminal history apart from the two offenses in issue; (3) the age of the girl victim was eight years at the time of the offenses herein; (4) there was one victim in each of the two separate offenses herein; (5) the offender did not use drugs or alcohol to impair the victim; (6) the offender does not suffer from mental illness or disability other than alcoholism; (7) the offender committed two separate instances of sexual abuse, each one involving the same victim, and that one of the episodes was performed in the presence of the victim's seven-year-old younger brother, which "is a form of cruelty"; (8) Vintson's institutional adjustment was adequate; (9) that according to the current psychiatric report, he is not a pedophile, although this diagnosis is based on the defendant's self-reporting and the faulty assumption by the psychiatrist that there was only one instance of sexual abuse herein when, in fact, there were two instances separated in time; (10) that Vintson has not taken responsibility for his actions and blames the offenses on the use of alcohol; (11) that the separate offenses in issue constitute a pattern and, given the disparate ages of the offender and the victim, a deviant sexual orientation toward children is present despite the conclusion of the psychiatrist. The trial court concluded "that the State has met its burden by clear and convincing evidence that the defendant is likely to reoffend and then should be nominated a sexual predator." In its July 5, 2000 journal entry from this hearing, the trial court stated the following in part:

"Upon consideration of the factors set forth in R.C. 2950.09(B)(2) and the evidence presented herein, the court finds that defendant is a sexually oriented offender by reason of his conviction for a sexually oriented offense and does find by clear and convincing evidence that the defendant is likely to engage in the future in one or more sexually oriented offenses.

"Pursuant to R.C. 2950.09(C), the court therefore determines and adjudicates that the defendant is a sexual predator."

Vintson filed his notice of appeal from the sexual predator determination on August 2, 2000. The following lone assignment of error is presented for review:

"The evidence is insufficient as a matter of law to prove by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses."

In its most recent pronouncement dealing with sexual predator determinations, the Ohio Supreme Court stated the following:

"[I]n order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a

sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E) and 2950.09(B)(3).

"The General Assembly supplied the trial court with several factors to consider in making this weighty decision. R.C. 2950.09(B)(2) provides:

" 'In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:

" '(a) The offender's age;

" '(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;

" '(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;

" '(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;

" '(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

" '(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;

" '(g) Any mental illness or mental disability of the offender;

" '(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;

" '(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;

" '(j) Any additional behavioral characteristics that contribute to the offender's conduct.'

"As noted by the court of appeals, 'clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It

does not mean clear and unequivocal.' *Cross v. Ledford* (1954), 161 Ohio St. 469, 477, 53 O.O. 361, 364, 120 N.E.2d 118, 123.

"* * *

"Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism. See *State v. Thompson, supra* [140 Ohio App.3d 638, 748 N.E.2d 1144]. See, also, *State v. Russell* (Apr. 8, 1999), Cuyahoga App. No. 73237, unreported, 1999 WL 195657; *State v. Casper* (June 10, 1999), Cuyahoga App. Nos. 73061, 73064, 73062 and 73063, unreported, 1999 WL 380437.

"We are cognizant of our statement in *State v. Cook, supra,* that R.C. 2950.09 does not require the court to list all criteria, but only to consider all relevant factors in making its findings. *Id.,* 83 Ohio St.3d at 426, 700 N.E.2d at 587. However, we also noted in *Cook* that the sexual offender classification hearing in that case was not a model hearing. *Id.* at 425, 700 N.E.2d at 587. Therefore, we are suggesting standards for the trial courts that will aid the appellate courts in reviewing the evidence on appeal and ensure a fair and complete hearing for the offender.

"As we observed above, under certain circumstances, it is possible that one sexually oriented conviction alone can support a sexual predator adjudication. * * *" *State v. Eppinger* (2001), 91 Ohio St.3d 158, 163–167, 743 N.E.2d 881, 887–889; see, also, *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570; *State v. Thompson* (1999), 140 Ohio App.3d 638, 748 N.E.2d 1144.

In the present case, appellant argues that the trial court based its determination "almost entirely on 'old conviction data' " that is contrary to our holdings in *State v. Ward* (1999), 130 Ohio App.3d 551, 720 N.E.2d 603, and *State v. Hart* (Mar. 18, 1999), Cuyahoga App. No. 73307, unreported, 1999 WL 148478 (which relied on *Ward*).

In *Ward,* this court addressed and overruled constitutional questions relating to H.B. No. 180, as codified in R.C. Chapter 2950, and held that the trial court, in making its sexual predator determination, must consider all relevant factors, including those factors contained within R.C. 2950.09(B)(2). *Ward,* 130 Ohio App.3d at 560, 720 N.E.2d at 609. We also found that, despite the trial court's reliance on the facts of the underlying offense (to wit, the journal entries supporting the original conviction, the recognition of the age of the victim, the use of cruelty by the offender during the commission of the offense, and the nature of the sexual contact forming the offense), there was no use by the trial court of other relevant data (such as, the contents of a presentence investigation report, or other witnesses the parties may wish to call at the predator hearing). We

further found that there was no showing of any other criminal history apart from the offense in issue (one count of felonious sexual penetration) or pattern of sexual abuse and that this lack of a pattern obviated the trial court's conclusion that Ward was a sexual predator. *Id.* at 562, 720 N.E.2d at 610–611.

In *Hart,* the trial court based its sexual predator classification and the finding that the offender posed a risk of reoffending on the age of the victim at the time of the offense, the fact that alcohol was involved, the judicial notice of journal entries underlying the eighteen-month-old plea to one count of sexual battery, and the offender's original presentence investigation report made in anticipation of the acceptance of the plea. This court in *Hart* determined that the evidence relied upon by the trial court, which was solely based on facts arising from the underlying offense, did not establish by clear and convincing evidence that Hart was likely to reoffend because there was no pattern of deviant sexual conduct established.

We find these two cases, *Ward* and *Hart,* to be distinguishable for several reasons from the case *sub judice.* First, the present case involved a pattern of sexual abuse involving a minor in that there were two separate offenses committed at different times; *Ward* and *Hart* each involved a solitary sexual offense. It does not matter that the victim was the same in each of the offenses in issue; what matters, as properly recognized by the trial court, was that the two sexually oriented offenses committed by Vintson constitute a pattern. Also, as properly recognized by the trial court herein, the fact that these two separate offenses involved the same victim belies Vintson's argument that the events were committed in isolation and were random. Second, unlike *Ward* and *Hart,* the trial court herein utilized, in addition to those factors contained within R.C. 2950.09(B)(2), current relevant information (to wit, Vintson's institutional reports and a current psychological assessment), not just the data and journal entries from the underlying offenses. Within this current information, the trial court found that Vintson still had not taken responsibility for his deviancy, since he attempted to rationalize his behavior to the psychiatrist on his (Vintson's) being drunk at the time of (at least one of) the offenses. The other R.C. 2950.09(B)(2) factors which the trial court found as negatively impacting the defendant at the sexual predator hearing include the following: (1) the age of the offender at the time of the offenses, R.C. 2950.09(B)(2)(a); (2) the age of the victim at the time of the offenses, R.C. 2950.09(B)(2)(c); (3) multiple victims, representing the girl, and her younger brother who witnessed the rape of his sister by Vintson, R.C. 2950.09(B)(2)(d); (4) pattern of abuse as demonstrated by the two offenses herein which were separate in time, R.C. 2950.09(B)(2)(h); (5) cruelty in the commission of the offense in the form of Vintson committing the rape in the presence of the girl's younger brother, R.C. 2950.09(B)(2)(i); (6) the fact that Vintson held a position of

trust with the victims herein, since he was dating the mother of the girl at the time of the offenses; and (7) the psychiatrist gave Vintson only an average chance of completing parole.

Based on the foregoing, we conclude that there was sufficient evidence before the trial court to demonstrate by clear and convincing evidence that Vintson was likely to reoffend and that he be classified as a sexual predator.

Assignment overruled.

*Judgment affirmed.*

MICHAEL J. CORRIGAN and ANN DYKE, JJ., concur.