JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Timothy Leach ("Leach") appeals from the sentence imposed upon him by the Cuyahoga County Court of Common Pleas. For the reasons adduced below, we affirm in part, vacate in part and remand for resentencing.
 {¶ 2} The following facts give rise to this appeal. The matter before this court is an appeal from four underlying cases that were heard together in the trial court. Leach was indicted on various counts in each of the cases. The indictments included charges of aggravated robbery, robbery, and attempted felonious assault. The charges involved numerous business and individual victims.
 {¶ 3} In case number CR 432168, Leach pled guilty to three counts of robbery in violation of R.C. 2911.02. The trial court sentenced Leach to a three-year prison term on each count, to be served concurrently.
 {¶ 4} In case number CR 432169, Leach pled guilty to one count of robbery in violation of R.C. 2911.02(A)(3). The trial court sentenced Leach to a one-year prison term, to run consecutively with the sentence imposed in CR 432168.
 {¶ 5} In case number CR 432170, Leach pled guilty to one count of robbery in violation of R.C. 2911.02(A)(3), one count of attempted felonious assault in violation of R.C. 2923.02 and2903.11(A)(1), and two counts of aggravated robbery in violation of R.C. 2911.01. The trial court sentenced Leach to a two-year prison term for the robbery, a two-year prison term for the attempted felonious assault, and a four-year prison term on each of the aggravated robbery charges. The trial court ordered all counts to run concurrently to each other, but consecutively to the sentences imposed in CR 432168 and CR 432169.
 {¶ 6} In case number CR 432171, Leach pled guilty to six counts. Counts one and two, as amended, charged robbery in violation of R.C. 2911.02, felonies of the second degree. Counts four and six, as amended, charged robbery in violation of R.C.2911.02(A)(3), felonies of the third degree. Counts three and five charged aggravated robbery in violation of R.C. 2911.01. The trial court sentenced Leach to a three-year prison term on each of the first two counts of robbery, a four-year prison term on count three for aggravated robbery, and a two-year prison term on count four for robbery. The trial court ordered all counts to run concurrently to each other, but consecutively to the sentences imposed in CR 432168, CR 432169, and CR 432170. The trial court did not sentence Leach on counts five and six at the sentencing hearing. However, in the sentencing journal, the court imposed a two-year prison term each on counts five and six.
 {¶ 7} Leach has appealed the trial court's sentencing order raising one assignment of error for our review, which provides:
 {¶ 8} "Timothy Leach has been deprived of his liberty without due process of law by the consecutive sentences imposed on him as said sentences do not comport with Ohio's new sentencing structure and because he was not present when all of the sentences in all of the cases were imposed."
 {¶ 9} Leach argues the consecutive sentences imposed upon him were improper because they were not adequately supported by the necessary findings and reasons required by the court on the record. Leach also argues he was deprived of his right to be present for all of the sentences imposed. We shall address each of these issues respectively.
 {¶ 10} R.C. 2929.14(E)(4) provides that a trial court may impose consecutive sentences only when it concludes that the sentence is "(1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction, or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime." State v. Stadmire, Cuyahoga App. No. 81188, 2003-Ohio-873.
 {¶ 11} In addition, R.C. 2929.19(B)(2) provides that "a court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 12} Thus, a trial court is required to make at least three findings under R.C. 2929.14(E)(4) prior to sentencing an offender to consecutive sentences and must give its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c).Stadmire, supra. A trial court's failure to sufficiently state its reasons on the record constitutes reversible error. Id.
 {¶ 13} In this case the trial court set forth the required findings on the record. The court stated:
"THE COURT: * * * I think I should say specifically, Ibelieve, that the consecutive sentence, as I have imposed them inthis case, are necessary to protect the public from future crimesand that to give appropriate punishment under the circumstances.
 "I will also note that for a crime wave like this consecutivesentences are certainly not disproportionate to the seriousnessof your conduct, Mr. Leach, and to the danger that that conducthas posed to the community.
 "Finally, that at least two of these offenses, actually all ofthese offenses were committed as part of a course of conduct andthat under those circumstances, no one sentence, no singlesentence would adequately reflect the seriousness of conduct.
 "I believe that the statutory requirements have been met."
 {¶ 14} A review of the above-quoted transcript reflects the trial court made the three required findings under R.C.2929.14(E)(4). We also find that the trial court sufficiently set forth its reasons for imposing consecutive sentences pursuant to R.C. 2929.19(B)(2)(c). In addition to the reasons included with the court's findings above, the court stated the following reasons on the record:
"THE COURT: * * * Whether there was actual harm to thevictims, whether there was a threat of harm to the victims, was aweapon used, your prior record or lack of any serious recordbeforehand And I think in balance, Mr. Leach, that you caused awhole neighborhood, a whole part of town to be terrorized, thathas a big impact on people in the area and on my decision too.* * *.
"* * *
"THE COURT: * * * those of us who have been victims of crime,and I have been the victim of a robbery at gunpoint, know thatfrom a victim's point of view, there is no amount of time that'sgood enough. My job is to take it outside of that. And I amspeaking for society itself."
 {¶ 15} After articulating the above reasons and considering the record for each of the offenses, which involved the victimization of numerous businesses and individuals in the course of Leach's robbery spree, the court proceeded to impose sentences that ran concurrently within each case, but consecutively between the cases. In total, the consecutive terms imposed amounted to a twelve-year prison term.
 {¶ 16} Leach argues the trial court simply recited the statutory language and did not indicate what facts of the case applied to the findings or adequately set forth its reasons for imposing consecutive sentences. We find nothing in the statutory scheme that requires the court to note specific factors for each individual finding.
 {¶ 17} In State v. Comer, 99 Ohio St.3d 463, 468,2003-Ohio-4165, the Ohio Supreme Court reiterated that "pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." The court further indicated that a trial court "must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Comer, 99 Ohio St.3d at 477.
 {¶ 18} While the dissent views Comer, supra, as requiring the trial court to provide reasons that are encompassed within the immediate context of a related finding, we do not viewComer as having such a stringent interpretation of the statutory requirements. Comer was a case in which the findings and reasons required by statute were not stated on the record at the sentencing hearing, but were provided in the journal entry. Id. The Ohio Supreme Court held that "R.C. 2929.19 clearly prescribes what a trial judge must do and say at a felony sentencing hearing. The statute specifies * * * it is at the sentencing hearing that the court `shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed' for consecutive sentences under R.C. 2929.14. R.C. 2929.19(B)(2) and (B)(2)(c)." Comer,99 Ohio St.3d 467-468.
 {¶ 19} Thus, the Comer court was emphasizing the statutory requirement that findings and reasons be stated on the record, as opposed to in a journal entry. The rationale for this requirement was that "[t]hese findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." Id. at 468, citing Griffin Katz, Ohio Felony Sentencing Law (2002), 458-459, Section 1.21.
 {¶ 20} In requiring the alignment of each reason to the specific finding supporting its decision to impose consecutive sentences, the court did not interpret R.C. 2929.19 as requiring reasons to be stated within the immediate purview of each finding. Indeed, there is nothing in the statute imposing such a rigid requirement. R.C. 2929.19 only requires that the court make the required findings and give its reasons for imposing consecutive sentences. As long as the court sets forth the required findings and sufficiently articulates its reasons in support of the findings on the record so as to permit a meaningful appellate review, the statutory requirements have been met.
 {¶ 21} As this court recently stated in State v. Cottrell,
Cuyahoga App. No. 81356, 2003-Ohio-5806: "[W]e do not interpret [Comer] to mean the trial court must directly correlate each finding to each reason or state a separate reason for each finding. Instead, we interpret this to mean the reasons must be stated sufficiently on the record so that it may be determined whether the findings are supported by the trial court's reasoning." Moreover, in State v. Webb, Cuyahoga App. No. 80206, 2003-Ohio-1718, we stated: "Although the court did not specifically state the findings first and then relate its reasons to the findings, there is no obligation to do so in the sentencing statutes. The sentencing statutes do not put an obligation upon the lower court to provide the statutory findings and its reasons in such close proximity on the record in order for the reasons to be of effect."
 {¶ 22} We also note that the statute does not specify what constitutes an acceptable reason. Nevertheless, the process of micro-analyzing every statement for content in relation to specific findings will only lead to disparate sentences for similar offenders where different courts read different meanings into different terms.
 {¶ 23} Requiring anything more than is expressly stated in the statute would turn the imposition of a legally sufficient consecutive sentence by a trial court into an episode of TheTwilight Zone. The statute should not be read or interpreted to require trial courts to do anything more than what is stated.
 {¶ 24} In the instant case, the transcript reveals that the trial court did sufficiently articulate the required findings and its reasons for imposing consecutive sentences on the record. The court found consecutive sentences were necessary to protect the public and provide adequate punishment. The trial court referred to Leach's robbery spree that included the victimization of numerous businesses and individuals, the threat of harm posed, and the terrorization of a whole neighborhood. The court also considered the nature of the crime wave and found consecutive sentences were not disproportionate to the seriousness of the conduct or the danger posed. Because all of the offenses were a part of the same course of conduct, the court found no single term would adequately reflect the seriousness of the conduct. Upon this record, this court has been able to conduct a meaningful review.
 {¶ 25} We find that the trial court complied with the sentencing statutes and did not err in imposing the sentences to run consecutively between the cases. Accordingly, we affirm the trial court's decision to impose consecutive sentences between the cases.
 {¶ 26} Next, we consider the trial court's imposition of a two-year sentence on each of counts five and six in case number CR 432171. The transcript of the sentencing hearing reflects that the trial court failed to impose a sentence on these two counts in Leach's presence. Instead, the court imposed the sentence in its journal entry. The state concedes the action of the court was in error.
 {¶ 27} Crim.R. 43(A) provides:
 {¶ 28} "The defendant shall be present at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence * * *."
 {¶ 29} Crim.R. 43(A) requires the physical presence of a defendant during sentencing. State v. Bell (1990),70 Ohio App.3d 765. Moreover, a defendant has the right to be present when the court imposes the sentence and a trial court cannot abrogate the defendant's right of allocution by imposing its sentence in the defendant's absence. State v. Pavone (June 21, 1984), Cuyahoga App. No. 47700.
 {¶ 30} Based on the above authority, we find the trial court erred in issuing its journal entry in case number CR 432171, which imposed a sentence on Leach for counts five and six, after the court failed to issue the sentence in Leach's presence at the sentencing hearing. Crim.R. 43(A).
 {¶ 31} We hereby vacate the journal entry in its entirety and remand the matter for a new hearing to resentence Leach in case number CR 432171. Leach's first assignment of error is sustained in part.
 {¶ 32} Sentence affirmed in part, vacated in part, and remanded for resentencing.
Celebrezze, JR., P.J., concurs.
 DIANE KARPINSKI, J., CONCURS IN PART AND DISSENTS IN PART.(SEE ATTACHED CONCURRING AND DISSENTING OPINION.)