JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Ronald Harris, appeals from common pleas court orders determining that he was a sexual predator and denying his motion to withdraw his guilty plea. He argues that there was no clear and convincing evidence that he was likely to engage in one or more sexually oriented offenses in the future, and that the court erred by finding it did not have jurisdiction to hear the motion to withdraw the guilty plea. We find no error in the common pleas court's decisions, and affirm its rulings.
 Procedural History {¶ 2} In an indictment filed July 24, 1987, appellant was charged with five counts of rape involving his three children, ages three, four, and five. On September 24, 1987, he entered a plea of guilty to an amended indictment which charged him with one count of attempted rape of his three-year-old daughter and three counts of sexual battery involving his two sons.
 {¶ 3} Approximately a week after he entered his plea, appellant moved the court to withdraw the plea on the ground that his children had recanted their statements and would exculpate him. The court held a hearing at which one of the children testified, averring that the offenses did occur and appellant was the perpetrator. The court then denied the motion to withdraw and sentenced appellant to eight to fifteen years' imprisonment on the attempted rape charge and twenty-four months on each of the sexual battery charges, all sentences to run consecutively to one another. This court affirmed the denial of appellant's motion to withdraw his guilty plea and affirmed his convictions.
 {¶ 4} On May 11, 2001, the common pleas court ordered that appellant be returned from the correctional institution for a sexual predator hearing. Appellant was referred for a sexual predator evaluation. On appellant's motion, a polygraph expert was appointed at state expense to give a polygraph test to appellant. Three days before the scheduled sexual predator hearing, appellant again moved to withdraw his guilty plea.
 {¶ 5} The sexual predator hearing commenced on February 3, 2003. At the hearing, polygraph examiner James Cashin testified that he was appointed by the court to conduct a specific issue polygraph examination of appellant. He inquired whether, in 1987 or before, appellant had fondled the sex organ of any child under the age of 18. The examiner found that appellant was deceptive in answering this question in the negative. On cross-examination, Mr. Cashin conceded that, if appellant had, as a teenager, had sexual contact with another teenager, appellant's answer would have been deceptive, even though such an encounter had nothing to do with the offenses of which he was convicted and could have been "completely legal relations." However, Cashin said that appellant understood that the exam concerned his children, and could have elaborated on his answer if he needed to clarify it.
 {¶ 6} Dr. George Schmedlin, a psychologist with the Court Psychiatric Clinic, testified that he administered three tests to appellant, the Static 99, the Minnesota sex offender screening tool, and the Able Assessment for Sexual Interest. The Static 99 test and Minnesota sex offender screening tool results indicated that appellant presented a low risk of reoffending. The Able Assessment indicted that appellant's primary sexual interest was for adult females; he did not demonstrate any positive sexual attraction to children. None of these tests took into account that the offenses involved multiple victims.
 {¶ 7} One of appellant's cell-mates in the county jail, Billy Dale Rogers, testified that he heard appellant tell his wife over the telephone that he would kill her when he got out, and that he would make her life miserable "if I go down for this." Appellant also told Rogers that he "played around with" his children's genitalia.
 {¶ 8} Appellant's stepson, Devon Avery, testified that he was eight years old at the time of the events which formed the basis for appellant's convictions. He recalled meeting with investigators who questioned him and his siblings. He said he told the investigators that "none of that ever happened." He said that his grandmother did not like appellant; she coached the younger children about what to say to the investigators. Appellant's son, Ronald, Jr., testified that he did not remember that appellant touched him inappropriately, and believed that his grandmother coerced him to make the statements to the investigators by rewarding him with ice cream. Appellant's ex-wife, Daisy Harris, testified that the children were very close to her and would tell her when something bad happened to them. She said that the children never told her that appellant had sexually abused them. After the allegations arose, she took her daughter to be examined, and "she hadn't been touched." All three of the children told her that the abuse had not happened.
 {¶ 9} On June 25, 2004, the common pleas court issued an opinion and order finding appellant was a sexual predator. The court reviewed the factors set forth in R.C. 2950.09(B)(2). The court noted that appellant was born in January 1961, making him 26 years old at the time of the offenses. There were three child victims, ages three, four, and five years old. Appellant did not use drugs or alcohol to impair the victims or prevent them from resisting. Appellant does not suffer from any mental illness or disability. The court found the sexual encounters between appellant and the children occurred frequently and involved defendant performing oral sex upon the two male children and having all three children perform oral sex on him.
 {¶ 10} Appellant was previously adjudged delinquent for possession of a weapon, possession of marijuana, and trespassing; he was also convicted of receiving stolen property, forgery, attempted uttering, carrying a concealed weapon, and three counts of child endangering. He served prison time after failing to comply with probation terms for some of these offenses. He has not participated in any programs for sexual offenders. The court further found that appellant was in a medium-low risk category for sexual recidivism.
 {¶ 11} The court found that appellant's failure to admit or to take responsibility for committing these acts was relevant. It found that appellant was deceptive, as shown by the polygraph results. It found the children's recantation as adults as to what occurred to them as very young children was not credible or reliable. The court then found, by clear and convincing evidence, that appellant was a sexual predator in that he had been convicted of a sexually oriented offense and was likely to engage in the future in one or more sexually-oriented offenses.
 {¶ 12} The court also issued an opinion and order denying appellant's motion to withdraw his guilty plea. The court found that it did not have jurisdiction to allow appellant to withdraw his plea because the acceptance of his plea had previously been affirmed by this court.
 {¶ 13} Appellant appeals both of these decisions.
 Law and Analysis {¶ 14} Appellant first contends that there was insufficient evidence to support the common pleas court's determination that he was a sexual predator. He claims that the psychological tests were the only probative evidence presented by the state as to the likelihood that he would reoffend, and those tests indicated that he presented a low risk of recidivism. The other evidence, he claims, was not relevant to the question of whether he is likely to reoffend.
 {¶ 15} A person may be classified as a sexual predator if "[t]he person has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E)(1). Under R.C. 2950.09(B)(3), in determining "whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to," those listed in the statute, specifically, "(a) The offender's * * * age; (b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *; (d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims; (e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender * * *; (h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (I) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 16} The psychological tests upon which appellant relies, while relevant, are not conclusive, and certainly were not the only relevant evidence in the record. Among other things, these tests do not take into account either the age of the victims or their number. The fact that there were multiple, very young victims in this case, that there were frequent incidents of sexual contact with them, that appellant denied any sexual contact with them and did not show any remorse for his conduct, and did not participate in any programs for sex offenders, all support the trial court's finding that appellant was likely to reoffend. See State v. Vintson (2001), 144 Ohio App.3d 339. Therefore, there was adequate evidence from which the court could find, by clear and convincing evidence, that appellant was likely to reoffend. We overrule the first assigned error.
 {¶ 17} Second, appellant urges that the common pleas court erred by finding it did not have jurisdiction to grant his motion to withdraw his guilty plea. Appellant argues that the common pleas court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction, and the motion here was not inconsistent with the appeals court's determination because it was based on new evidence. We disagree. In State ex rel.Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94, the supreme court explicitly held that Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court." Also see State v.Cvijetinovic, Cuyahoga App. No. 82894, 2003-Ohio-7071, ¶¶ 10-15. Therefore, we overrule appellant's second assigned error and affirm the common pleas court's judgment.
Celebrezze, Jr., P.J., and Calabrese, Jr., J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.