JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Timothy Leach appeals from the order of the trial court which denied his motion to vacate his guilty plea. For the reasons set forth below, we affirm.
 {¶ 2} On December 18, 2002, defendant was indicted in case nos. 432168, 432169, and 432170. In case no. 432168, defendant was indicted for two counts of aggravated robbery and one count of robbery. In case no. 432169, defendant was indicted for one count of robbery, and in case no. 432170, defendant was indicted for three counts of aggravated robbery and one count of felonious assault. On December 20, 2002, defendant was indicted in case no. 432171 for one count of robbery and two counts of aggravated robbery.
 {¶ 3} On February 21, 2003, defendant entered into the following plea agreement on each of the cases:
 {¶ 4} "In case number CR-432168, Leach pled guilty to three counts of robbery in violation of R.C. 2911.02. The trial court sentenced Leach to a three-year prison term on each count, to be served concurrently.
 {¶ 5} "In case number CR-432169, Leach pled guilty to one count of robbery in violation of R.C. 2911.02(A)(3). The trial court sentenced Leach to a one-year prison term, to run consecutively with the sentence imposed in CR-432168.
 {¶ 6} "In case number CR-432170, Leach pled guilty to one count of robbery in violation of R.C. 2911.02(A)(3), one count of attempted felonious assault in violation of R.C. 2923.02 and 2903.11(A)(1), and two counts of aggravated robbery in violation of R.C. 2911.01. The trial court sentenced Leach to a two-year prison term for the robbery, a two-year prison term for the attempted felonious assault, and a four-year prison term on each of the aggravated robbery charges. The trial court ordered all counts to run concurrently to each other, but consecutively to the sentences imposed in CR-432168 and CR-432169.
 {¶ 7} "In case number CR-432171, Leach pled guilty to six counts. Counts one and two, as amended, charged robbery in violation of R.C.2911.02, felonies of the second degree. Counts four and six, as amended, charged robbery in violation of R.C. 2911.02(A)(3), felonies of the third degree. Counts three and five charged aggravated robbery in violation of R.C. 2911.01. The trial court sentenced Leach to a three-year prison term on each of the first two counts of robbery, a four-year prison term on count three for aggravated robbery, and a two-year prison term on count four for robbery. The trial court ordered all counts to run concurrently to each other, but consecutively to the sentences imposed in CR-432168, CR-432169, and CR-432170. The trial court did not sentence Leach on counts five and six at the sentencing hearing. However, in the sentencing journal, the court imposed a two-year prison term each on counts five and six." See State v. Leach, Cuyahoga App. No. 82836, 2004-Ohio-1675 ("LeachI").
 {¶ 8} On April 29, 2003, defendant filed a notice of appeal from his guilty pleas. The matter was assigned Court of Appeals No. 82836. See Id. On January 23, 2004, while Leach I was pending, defendant filed a pro se motion to withdraw his guilty plea.
 {¶ 9} On April 1, 2004, this Court issued its opinion in Leach I which considered the following assignment of error:
 {¶ 10} "Timothy Leach has been deprived of his liberty without due process of law by the consecutive sentences imposed on him as said sentences do not comport with Ohio's new sentencing structure and because he was not present when all of the sentences in all of the cases were imposed."
 {¶ 11} This court determined that the trial court complied with the sentencing statutes and did not err in imposing the sentences to run consecutively between the cases. This Court further determined, however, that the trial court erred "in issuing its journal entry in case number CR-432171, which imposed a sentence on Leach for counts five and six, after the court failed to issue the sentence in Leach's presence at the sentencing hearing." See Leach I. This court remanded the matter for re-sentencing as to Case No. 432171, but otherwise affirmed the matter. Id.
 {¶ 12} On May 6, 2004, the trial court denied defendant's pro se motion to vacate his guilty plea and re-sentenced defendant in case no. 432171 pursuant to the remand ordered in Leach I. The court ordered that defendant serve concurrent terms of three years for Count One, three years for Count Two, four years for Count Three, two years for Count Four, three years for Count Five and two years for Count Six. The court further ordered that the sentence be served consecutively to the other cases. Defendant now appeals and assigns the following error for our review:
 {¶ 13} "The trial court erred and denied the defendant-appellant his right to due process of law, by failing to provide for an evidentiary hearing on his motion to vacate a previously entered guilty plea and to grant the motion, after sentence has been imposed in order to correct a manifest injustice."
 {¶ 14} The withdrawal of guilty pleas is governed by Crim.R. 32.1 which provides:
 {¶ 15} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 16} We note however, that once an appeal is taken, the trial court is divested of jurisdiction except "over issues not inconsistent with that of the appellate court to review, affirm, * * * modify or reverse the appealed judgment, such as the collateral issues like contempt * * *." State ex rel. State Fire Marshal v. Curl (2000), 87 Ohio St.3d 568,569, 722 N.E.2d 73, citing State ex rel. Special Prosecutors v. Judges,Court of Common Pleas (1978), 55 Ohio St.2d 94, 97, 378 N.E.2d 162;Haller v. Borror (1995), 107 Ohio App.3d 432, 436, 669 N.E.2d 17;State v. Richard (March 30, 2000), Cuyahoga App. No. 76984 and 76985. Accordingly, once defendant filed his notice of appeal, the trial court was without jurisdiction. State ex rel. Special Prosecutors v. Judges
(1978), 55 Ohio St.2d 94, 378 N.E.2d 162.
 {¶ 17} In this matter, defendant filed notices of appeal in case nos. 432168, 432169, 432170, and 432171 on April 29, 2003. After this time, the trial court was divested of jurisdiction regarding all but collateral issues in the cases. Thus, the trial court had no jurisdiction to rule on defendant's motion to withdraw his guilty plea filed on January 23, 2004.
 {¶ 18} Furthermore, Crim. R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. Id. The Special Prosecutors Court determined that Crim.R. 32.1 "does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court." See, also, State v. Harris, Cuyahoga App. No. 83213, 2004-Ohio-2329. Thus, it is not within the power of a trial court to vacate a judgment and affect the decision of the reviewing court. State v. Tate, Cuyahoga App. No. 83582, 2004-Ohio-2979. In accordance with the foregoing, we note that in Leach I, this court rejected the substantive claim of defendant's sole assignment of error, affirmed the imposition of consecutive sentences, affirmed as to case nos. 432168, 432169, and 432170, but remanded for a new hearing to re-sentence Leach in case number CR 432171. The remand simply gave effect to defendant's right to allocution. Crim.R. 43(A). Accordingly, the trial court was without authority to vacate the judgment.
 {¶ 19} In any event, we have reviewed the record and we find no manifest injustice to support the motion. Cf. State v. Laster, Montgomery App. No. 19387, 2003-Ohio-1564 ("`manifest injustice' * * * comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her") (citation omitted); State v. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502 (a "clear or openly unjust act") (citation omitted); State v. Lintner,
Carroll App. No. 732, 2001-Ohio-3360 ("an extraordinary and fundamental flaw in the plea proceeding") (citation omitted).
 {¶ 20} In accordance with all of the foregoing, the trial court properly denied defendant's motion to vacate. The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Kilbane, J., concur.