JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Charles Irvin ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I. {¶ 2} According to the case, on March 21, 2006, appellant pled guilty to two counts of gross sexual imposition in Case No. 468387. Appellant also pled guilty to two counts of attempted felonious assault, one count of aggravated robbery with a repeat violent offender specification and notice of prior conviction, and one count of forgery in Case No. 473682.
 {¶ 3} On May 9, 2006, appellant was sentenced to an agreed upon term of incarceration of fifteen years. On this date the lower court also held a sexual classification hearing. On July 13, 2006, the trial court rendered its decision to label appellant a sexual predator.
 {¶ 4} According to the facts, appellant met the victim, a legally blind 29-year-old woman, at a recovery treatment program. Appellant and the victim went out to the parking lot to have a cigarette. Appellant told the victim he wanted to show her something and then pulled out his penis. When the victim pulled away, appellant groped her breasts and vaginal area.
 II. *Page 4 {¶ 5} First assignment of error: "The court erred by adjudicating Mr. Irvin a sexual predator in the absence of sufficient evidence that would establish by clear and convincing evidence the likelihood to engage in the future in a sexually oriented offense."
 {¶ 6} Second assignment of error: "The trial court erred by overruling Mr. Irvin's objection and admitting documents that contained unreliable hearsay into evidence at his sexual predator classification hearing, which was prejudicial to him."
 III. {¶ 7} In order for an offender to be classified a sexual predator, the State of Ohio must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger, 91 Ohio St.3d 158, 163,2001-Ohio-247, 743 N.E.2d 881. The standard of "clear and convincing evidence" is the measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt * * *." State v. Gauntt, Cuyahoga App. No. 82175, 2003-Ohio-4942.
 {¶ 8} Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear *Page 5 
and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
 {¶ 9} R.C. Chapter 2950 governs sexual predators, habitual sex offenders, and sexually oriented offenders. More specifically, under R.C. 2950.09(B)(3), when determining whether a defendant is likely to engage in future sexually oriented offenses, the judge shall consider all relevant factors, including: "(a) The offender's * * * age; (b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *; (d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims; (e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender * * *; (h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct." See, generally,State v. Harris, Cuyahoga App. No. 83213, 2004-Ohio-2329. *Page 6 
 {¶ 10} In the case sub judice, the State presented competent, credible evidence to support a sexual predator classification including, but not limited to, certified copies of appellant's violent criminal convictions, the victim's statement, the sexual predator evaluation, and the report of the Adult Parole Authority.[1]
 {¶ 11} In addition to appellant's current crimes, he has a history of violent offenses, including convictions for rape, kidnapping, and aggravated robbery that the lower court considered before making its decision. Appellant was convicted of two counts of rape on July 15, 1979. He was paroled on October 30, 1987. Appellant's parole was revoked on November 10, 1988, and he was returned to the institution until 1990 when he was paroled again on January 16, 1990.
 {¶ 12} On May 9, 1990, appellant was convicted of robbery and sentenced to the Lorain Correctional Institution. Appellant was paroled on November 22, 2004. On July 15, 2005, he was indicted with two counts of gross sexual imposition. On March 21, 2006, appellant pled guilty to two counts of gross sexual imposition in Case No. 468387. Appellant also pled guilty to two counts of attempted felonious assault, one count of aggravated robbery, and one count of forgery in Case No. 473682.
 {¶ 13} In addition to appellant's violent criminal record and the fact that his crimes were committed almost immediately upon being released from prison for past *Page 7 
offenses, appellant also committed crimes while in prison. While in prison, appellant strangled another inmate until he was unconscious, removed his pants, and sodomized him.[2] Appellant was also involved in sexual intimidation of younger inmates at the Ohio State Reformatory. At the Lorain Correctional Institution, appellant was reported for incidents of rape, assaults, and threatening behavior.[3] Moreover, appellant failed to take advantage of any sex offender programming while incarcerated.
 {¶ 14} In addition to appellant's significant violent criminal history, the trial court considered several other R.C. 2950.09(B)(3) factors prior to making its decision. The victim in this case, S.G., was disabled, and appellant took advantage of that fact to commit the offense.[4] The victim's statement revealed that she was legally blind. Moreover, appellant showed no remorse, as evidenced by his statements in the sexual predator evaluation, just ten days to being sentenced. He first refused to talk about the offense, then accused the victim of falsely reporting the incident.[5] Appellant still minimizes or denies his involvement in the offense. *Page 8 
 {¶ 15} In addition, the lower court reviewed the packet from the Department of Rehabilitation and Corrections, the transcript from the hearing, the victim's signed statement, the evaluation from the court psychiatric clinic, and the PSI report prior to making its determination. Reviewing the record as a whole, we find that the court did not err in labeling appellant a sexual predator.
 {¶ 16} Appellant's first assignment of error is overruled.
 {¶ 17} Appellant argues in his second assignment of error that the trial court erred by overruling his objection and admitting documents that contained unreliable hearsay into evidence at his sexual predator classification hearing.
 {¶ 18} Appellant argues that the trial court's consideration of the victim's statement and the PSI was error because the statements were unreliable hearsay. This contention is without merit.
 {¶ 19} Appellant acknowledges that the rules of evidence are not strictly adhered to in certain criminal proceedings pursuant to Evid.R. 101(C). Nonetheless, he argues that part of the PSI and the victim's statement were based upon unreliable hearsay and, as such, should not have been considered by the trial court. In State v. Steckman (Feb. 9, 1999), Lorain App. No. 97CA006996, the court specifically held that the Ohio Rules of Evidence are not strictly applicable to a defendant's classification hearing pursuant to State v. Cook (1998),83 Ohio St.3d 404, 425, 700 N.E.2d 570, and Evid.R. 101(C)(3). *Page 9 
 {¶ 20} The State used the PSI report to demonstrate appellant's prior criminal convictions and offenses both in and out of prison. The State used the court psychiatric clinic's sexual predator evaluation to demonstrate appellant's lack of remorse for the offense. The State used the victim's statement to inform the court of the facts of the instant case, as well as to show the cruel manner in which the crime was committed. As a sexual predator hearing is a miscellaneous criminal proceeding, the State was permitted to introduce the above state evidence. Therefore, the trial court did not err by considering the victim's statement and the PSI.
 {¶ 21} Appellant's second assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., PRESIDING JUDGE MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR
[1] State's Exhibits 1, 2, and 3.
[2] Tr. 15, court's Exhibit 2.
[3] Tr. 16.
[4] Tr. 16.
[5] Tr. 16. *Page 1