DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas denying appellant's motion to withdraw his guilty plea. This is the second time that this cause is before the court.
 {¶ 2} In 1998, appellant entered a negotiated plea to two counts of aggravated murder with specifications. See State v. Moore (Nov. 12, 1999), 6th Dist. *Page 2 
No. OT-98-036. After conducting a plea colloquy, a three judge panel accepted appellant's plea. Id. Appellant was sentenced to two consecutive life sentences. Id. He appealed that judgment to this court. Id.
 {¶ 3} Appellant's appointed counsel filed a motion to withdraw pursuant to Anders v. California (1967), 386 U.S. 738, and a brief setting forth six potential assignments of error. Id. These arguable errors were whether or not: (1) the trial court complied with Crim. R. 11 in accepting the plea; (2) sufficient evidence was offered to meet the requirements of State v. Green (1998), 81 Ohio St.3d 100; (3) the composition of the three judge panel was proper and whether its findings and sentence were procedurally sound; (4) appellant was afforded due process of law; (5) the stipulated facts, waiver of jury trial and plea agreement were proper; and (6) the plea proceedings and sentencing were in conformity with the Constitutions of Ohio and of the United States.Moore, supra. We determined that appellant's potential assignments of error lacked merit and found, after our review of the transcript of the guilty plea hearing, "that the rules were meticulously adhered to and offer no indication that appellant's plea was not knowingly, intelligently, and voluntarily made." Id. We, therefore, found appellant's appeal without merit and wholly frivolous and affirmed the judgment of the trial court. Id.
 {¶ 4} On October 24, 2001, appellant filed a pro se motion to withdraw his guilty plea, asserting that his plea was not voluntary because (1) he was represented by incompetent counsel; and (2) the trial court did not follow the mandatory strictures of *Page 3 
Crim. R. 11 in taking his plea. On October 31, 2001, the common pleas court denied appellant's motion to withdraw his guilty plea finding:
 {¶ 5} "Once a conviction in a criminal case is affirmed by the court of Appeals, there is ` . . . a total and complete want of jurisdiction by the trial court to grant the motion to withdraw appellee's plea of guilty and to proceed with a new trial.' State v. Judges 1978,55 Ohio St.2d 94 [sic]"
 {¶ 6} On October 22, 2007, appellant filed a second motion to withdraw his guilty plea. It was again based upon the alleged fact that it was involuntary due to the coercion by and lies told by his trial counsel and an allegation of ineffective assistance of counsel. Once again, the trial court denied the motion to withdraw on the same basis set forth in its October 31, 2001 judgment but granted appellant's subsequent request for appointment of counsel for the purpose of appeal.
 {¶ 7} Appointed counsel submitted a motion to withdraw pursuant toAnders v. California (1967), 386 U.S. 738. See, also, State v.Duncan (1978), 57 Ohio App.2d 93. Under Anders, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he or she must advise the court of the same and request permission to withdraw. Id. at the syllabus. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his or her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the *Page 4 
proceedings held below to determine if the appeal is indeed frivolous. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating any constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at 744.
 {¶ 8} In her brief, counsel asserts the following arguable error:
 {¶ 9} "The trial court abused its discretion in denying appellant's motion to withdraw plea."
 {¶ 10} Appellate counsel provided the requisite notice to appellant. Appellant filed a pro se brief containing assignments of error, which read:
 {¶ 11} "I. Appellant's right to due process of law as guaranteed by the Fourteenth Amendment to the United Stated Constitution and Article I, Section 16 of the Ohio Constitution is violated where the trial court abused its discretion by denying appellant's motion to withdraw his guilty plea even though a clear and apparent manifest injustice exists.
 {¶ 12} "II. Appellant was denied effective assistance of counsel in violation of the Sixteenth and Fourteenth Amendments to the United Stated Constitution and Article I, Sections 10 and 16 of the Ohio Constitution where appellant's trial counsels threats, coercion, and lies played a substantial part of inducement for guilty plea."
 {¶ 13} Because the trial court's basis for denying appellant's motion to withdraw his guilty plea is correct, we can neither address appellate counsel's suggested assignments of error or appellant's assignments of error nor conduct our own independent *Page 5 
review of the record of this case. Specifically, Crim. R. 32.1 "does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw [a] guilty plea subsequent to an appeal and an affirmance by the appellate court. * * * It does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." State ex rel.Special Prosecutors v. Judges (1978), 55 Ohio St.2d 94, 97-98. Accord,State v. Leach, 8th Dist. No. 84794, 2005-Ohio-1870, ¶ 18; State v.Kovacek, 9th Dist. No. 02CA008115, 2002-Ohio-7003, ¶ 7; State v.Jackson (Mar. 30, 2001), 2d Dist. No. 2000-CA-48.
 {¶ 14} This appeal is therefore determined to be wholly frivolous. Appointed counsel's motion to withdraw is found well-taken and is hereby granted.
 {¶ 15} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 6 
 Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J. *Page 1