[Cite as *Humphrey v. Garbo*, 2011-Ohio-5193.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DAVID L. HUMPHREY | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 11-CA-2 |
| ROBERT GARBO, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Appeal from the Court of Common Pleas,
                                 Case No. 09CV00429

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          October 3, 2011

APPEARANCES:

For Plaintiff-Appellant                    For Defendants-Appellees

DAVID L. HUMPHREY, PRO SE                   J. RICHARD BROWN
7658 Slate Ridge Blvd.                      140 East Town Street, Suite 1015
Reynoldsburg, OH  43068                     Columbus, OH  43215

                                            CLAUDIA L. SPRIGGS
                                            JOSEPH A. GERLING
                                            Two Miranova Place, Suite 500
                                            Columbus, OH  43215

                                            ANDREW J. MOLLICA
                                            35 North College Street
                                            P.O. Drawer 958
                                            Athens, OH  45701

*Farmer, J.*

{¶1} In 2008, appellant, David Humphrey, was a candidate for judge of the Court of Common Pleas of Perry County, Ohio. His opponent was incumbent, appellee, Luann Cooperrider. Appellant's campaign against appellee Cooperrider focused on a real estate transfer from appellee Cooperrider to appellee Hocking Athens Perry Community Action Agency (hereinafter "HAPCAA"). Appellant questioned the assertion that the conveyance was a gift.

{¶2} On October 15, 2008, a letter written by appellees, HAPCAA's Executive Director, Robert Garbo, and HAPCAA's Board President, Jim Hart, was delivered to *The Perry County Tribune,* the Perry County Republican Party, and appellee Cooperrider. The letter attempted to explain the nature of the conveyance. Appellant was not named in the letter. Appellant contends the Republican Party Central Committee reviewed the letter and withdrew their endorsement of him on same date. The letter was printed in the *Tribune* on October 22, 2008.

{¶3} On October 19, 2009, appellant filed a complaint against appellees Garbo, Hart, and HAPCAA, claiming defamation and civil conspiracy. On September 9, 2010, appellant filed an amended complaint adding appellees Cooperrider, Christine DeLamatre, and Cherie Gall.

{¶4} Appellees filed motions for summary judgment. By entry filed January 4, 2011, the trial court granted summary judgment to all defendants, finding the amended complaint, filed one year and four days after the publication of the letter, violated the statute of limitations, and there was no evidence of defamation.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ITS APPLICATION OF THE ONE YEAR STATUTE OF LIMITATIONS TO DEFENDANTS' LIBELOUS PUBLICATION ON OCTOBER 22, 2008 AND SUCH FINDING MUST BE REVERSED."

II

{¶7} "THERE IS NO GIFT LANGUAGE IN THE LEASE TO PURCHASE AND THEREFORE THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT FOUND GIFT LANGUAGE THAT DOES NOT EXIST, AND SUCH FINDING MUST BE REVERSED AND THIS TRANSACTION HELD TO BE A PURCHASE."

III

{¶8} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT DETERMINED COOPERRIDER HAD NO CHOICE BUT TO SURRENDER THE PROPERTY YET STILL HELD THAT THIS WAS A GIFT."

IV

{¶9} "THE TRIAL COURT'S FINDING THAT SUMMARY JUDGMENT SHOULD BE GRANTED ON THE MERITS IS BASED ON THE JUDGE'S PREJUDICIAL ERROR FINDING THAT THERE WAS GIFT LANGUAGE IN THE LEASE AND THEREFORE SUMMARY JUDGMENT ON THE MERITS SHOULD BE DENIED."

I, II, III, IV

{¶10} Appellant claims the trial court erred in granting summary judgment to appellees. Specifically, appellant claims the trial court erred in finding his complaint was barred by the statue of limitations, R.C. 2305.11, and in finding "gift language" in the real estate document between appellees Cooperrider and HAPCAA. We disagree.

{¶11} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

{¶12} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."

{¶13} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35.

{¶14} R.C. 2305.11 governs time limitations for bringing certain actions. Subsection (A) states the following:

{¶15} "An action for libel, slander, malicious prosecution, or false imprisonment, an action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, or an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued***."

{¶16} The facts are not in dispute as to the timing of the publication and the filing of the complaint. The subject letter authored by appellees Garbo and Hart was delivered to *The Perry County Tribune,* the Perry County Republican Party, and appellee Cooperrider on October 15, 2008. The letter was published in the *Tribune* on October 22, 2008, and appellant filed his complaint on October 19, 2009, one year and four days after the initial publication of the letter.

{¶17} In order to defeat the claim of a statute of limitations violation, appellant argues the publication on October 22, 2008 was a separate publication. In support, appellant cites in his brief at 9 an old version of 3 Restatement of the Law 2d, Torts, Section 577(A)(1) which states, "[e]xcept as stated in Subsections (2) and (3), each of several communications to a third person by the same defamer is a separate publication."[1] Appellant goes on to cite the following old versions of comments *a* and *f* to the section:

{¶18} "a. It is the general rule that each communication of the same defamatory matter by the same defamer, whether to a new person or to the same person, is a separate and distinct publication, for which a separate cause of action arises.

---

[1] Appellant does not cite the year of the Restatement he is referring to. The current version is from 1977 and does not include the language cited by appellant.

{¶19} "f. Publication by third person. One is liable for the publication of defamation by a third person whom as his servant, agent or otherwise he directs or procures to publish defamatory matter." Appellant's Brief at 9-10.

{¶20} Appellant argues because appellees sent the letter to the *Tribune* and the *Tribune* printed it, the *Tribune* was appellees' agent and the October 22, 2008 was a separate cause of action for defamation.

{¶21} Ohio courts have consistently rejected the re-publication claim asserted by appellant. In *Wendover Road Property Owners Association v. Kornicks* (1985), 28 Ohio App.3d 101, our brethren from the Eighth District rejected the argument that each time a publication became a public record a new cause of action for slander of title was created. More clearly on point is the case of *Haller v. Phillips* (1990), 69 Ohio App.3d 574, wherein the Tenth District affirmed a dismissal of a defamation complaint under the statute of limitations. In *Haller,* a victim's attorney made statements to a trial judge about Haller threatening his client which caused Haller's bond to be modified. The attorney's remarks were published in the newspaper to explain the reason for the bond change. The *Haller* court held the first statements made by the attorney to the trial judge constituted the publication for purposes of the statute of limitations and not the publication by the newspaper, a third party. We conclude this case specifically rejected the Restatement as cited to by appellant and his arguments thereto. The *Haller* position was also adopted in the case of *Daubenmire v. Sommers*, 156 Ohio App.3d 322, 2004-Ohio-914, wherein the Twelfth District held the statute of limitations clock starts when defaming words are first spoken, not when the words are subsequently published or quoted.

{¶22} Based upon these cases, we conclude the trial court did not err in finding the statute of limitations began to run on October 15, 2008 with the publishing of the letter to the *Tribune,* the Perry County Republican Party, and appellee Cooperrider.

{¶23} Appellant further argues the trial court erred in finding the matter published was true and therefore was not defamatory. In order to prove a defamation claim:

{¶24} "First, there must be the assertion of a false statement of fact; second, that the false statement was defamatory; third, that the false defamatory statement was published by defendants; fourth, that the publication was the proximate cause of the injury to the plaintiff; and fifth, that the defendants acted with the requisite degree of fault." *Celebrezze v. Dayton Newspapers, Inc.* (1988), 41 Ohio App.3d 343, 346-347.

{¶25} A public figure cannot recover for defamation unless the individual proves that the publication was made with actual malice. *New York Times Company v. Sullivan* (1964), 376 U.S. 254, 279-280. Actual malice exists when the publisher makes the statement with knowledge of the statement's falsity or with reckless disregard of whether it was false or not. Id.

{¶26} Candidates for public office, as appellant herein, are deemed public officials for defamation purposes. *The Team Working for You v. Ohio Elections Commission* (2001), 142 Ohio App.3d 114; *Mastandrea v. Lorain Journal Company* (1989), 65 Ohio App.3d 221.

{¶27} In its entry filed January 4, 2011, the trial court found the following:

{¶28} "What is remarkable is the restraint and temperance shown on the part of the agency and the opponent candidate. The letter to the editor simply addresses other parties, and not Humphrey by name, as those spreading false rumors. The letter to the

editor could have been filled with malice and calumny directed at plaintiff by name; instead there was nothing other than an attempt [to] explain how the lease had ended with a gift. Plaintiff was not named in the letter and would have been unknown in this matter had he not been so active in his characterization of his opinion of the lease and option.

{¶29} "There was no defamation and furthermore there could be no conspiracy toward the same. Judgment for the defendants."

{¶30} The subject letter stated the following in pertinent part:

{¶31} "Unfortunately the lease that was drawn up was written poorly and caused much confusion and misunderstanding between the parties fifteen years later. After some correspondence, mediation and clarification, the confusing issues were resolved and our board put an end to the matter by formally accepting the gift. The final deed of transfer has been recorded at the courthouse.

{¶32} "Our agency is most appreciative of the generosity of this Perry County couple. It is unfortunate that so much misinformation and false accusations have surfaced from parties that had no knowledge of the transaction details or genuine interest in the children served by the Head Start program."

{¶33} Attached to appellees' October 8, 2010 motion for summary judgment are several affidavits. Appellee DeLamatre in her affidavit at ¶4-5 stated she determined the property was a gift and was accepted as a gift. Appellees Garbo and Hart opined the same. See, Garbo aff. at ¶4-7; Hart aff. at ¶2-6.

{¶34} In response, appellant argues it is not true that the real estate conveyance was a gift. Appellant argues Garbo and Hart's interpretations were wrong. Attached to

appellant's October 21, 2010 memorandum contra to the summary judgment motion is a series of unauthenticated documents, letters, board minutes, and advertisements. We find they do not constitute evidentiary quality materials. *Cogswell v. Cardio Clinic of Stark County, Inc.* (October 21, 1991), Stark App. No. CA-8553.

**{¶35}** We conclude none of the purported exhibits, if accepted by the trial court, demonstrated malice as required by *New York Times,* supra. Further, no affidavits were presented to establish that anyone identified appellant as one of the "parties" referred to in the article.

**{¶36}** In addition, unauthenticated correspondence demonstrates the matter of the lease/purchase/gift was disputed and eventually resolved as a gift as the October 15, 2008 letter indicated. See, Order of the Board of Commissioners on Grievances and Discipline, Case No. 08-J-03, filed October 22, 2008.

**{¶37}** Upon review, we conclude the trial court did not err in granting summary judgment to appellees on the merits and in finding the statute of limitations barred appellant's complaint.

**{¶38}** Assignment of Error I, II, III, and IV are denied.

**{¶39}** We note appellant does not specifically assign as error the trial court's indirect denial of his leave to file a second amended complaint:

**{¶40}** "This matter is before the court on the motion for summary judgment filed by Robert Garbo, James Hart, the Hocking, Athens, Perry Community Action Agency (HAPCAA) and Christine DeLamatre. Also joining in the proceeding to summarily defeat the plaintiff's complaint is the memorandum of Luann Cooperrider opposing the filing of the second amended complaint. The court will treat the memorandum as part of

this question before the court since it raises many of the same issues as those posited in the other pleadings.

{¶41} "Also placed before the court is a motion for summary judgment by Cherie H. Hall filed November 17, 2010. The motion of Hall is not signed by counsel, apparently through inadvertence, since the memorandum and certificate of service were signed. Counsel for Hall may join in this motion if he will comply with the Civil Rules within 14 days from the filing of this entry.[2]

{¶42} "***

{¶43} "Plaintiff's amended complaint fails to conform to the requirements of the statute of limitations and accordingly the motions for summary judgment of the various defendants are sustained. Their said motions are hereby sustained for the above reasons and for the reason that summary judgment should be granted on the merits." Entry filed January 4, 2011.

{¶44} We therefore conclude all justifiable issues have been addressed by the trial court and the trial court's determination is sustained.

---

[2]Motion was timely re-filed on January 10, 2010.

{¶45} The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Edwards, J. concur.


                                        s/ Sheila G. Farmer_____


                                        _____


                                        s/ Julie A. Edwards_____

                                                JUDGES

SGF/sg 725

*Hoffman, P.J., concurring*

(¶46) I concur in the majority's analysis and disposition of Appellant's second, third and fourth assignments of error.

(¶47) I respectfully disagree with the majority's disposition of Appellant's first assignment of error. While Appellant's citation to 3 Restatement of the Law 2d, Torts, Section 577(A)(1)(f) may not be included in the current version, I find the legal principal espoused therein sound: "One is liable for the publication of defamation by a third person whom as his servant, agent or otherwise he directs or procures to publish defamatory matter." While the *Tribune* may not be Appellees' servant or agent, Appellees did procure the *Tribune* to publish their letter.

(¶48) I find the two cases relied upon by the majority distinguishable. I find the *Wendover Road* case inapplicable as it involves slander of title as opposed to the personal defamation claim presented in this case.

(¶49) I find the *Haller* case also significantly different. Nothing in *Haller* suggests the defendant-attorney requested, directed or procured the newspaper to publish the statements. The case sub judice is inapposite.

(¶50) I would sustain Appellant's first assignment of error. I, nevertheless, concur in this Court's judgment because of our affirmance of the trial court's determination no defamation occurred by my applying the two-issue rule.

_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

DAVID L. HUMPHREY                          :
                                           :
    Plaintiff-Appellant                :
                                           :
-vs-                                       :          JUDGMENT ENTRY
                                           :
ROBERT GARBO, ET AL.                       :
                                           :
    Defendants-Appellees               :          CASE NO. 11-CA-2

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

 s/ William B. Hoffman_____

s/ Julie A. Edwards_____

JUDGES